[No. 55808-6. En Banc. June 29, 1989.]

*In the Matter of the Recall of*
ROBERT M. ZUFELT.

---

*Evans & Kerr,* by *Leland B. Kerr,* for appellant.

*Stancik & Shaw,* by *Curtis Ludwig,* for respondent.

SMITH, J.—Appellant Robert M. Zufelt, Mayor of Benton City, Washington, appealed from an order of the Benton County Superior Court which found a recall petition filed against him by Respondent David Alexander statutorily sufficient to charge acts of misfeasance and malfeasance interfering with the performance of his official mayoral duties. We reverse the trial court.

The principal issue is whether the recall petition is factually and legally sufficient under RCW 29.82. Subordinate issues in this case are (a) whether testimonial knowledge is required for filing a recall charge; (b) whether the *voir dire* examination of Respondent Alexander was factually and legally sufficient to meet the knowledge requirement; and

(c) whether the ballot caption for the petition was defective because of the wording of its preamble.

On November 30, 1988, Respondent David Alexander, pursuant to RCW 29.82.015, filed a demand for recall of Robert M. Zufelt, Mayor of Benton City. The petition contained three charges of official misconduct:

(1) That on March 29, 1988, Petitioner Zufelt instructed Police Chief George Bazin not to take formal action against a police sergeant who had damaged a police vehicle while driving it allegedly under the influence of alcohol;

(2) That on November 1, 1988, Petitioner Zufelt removed police badges and commission cards from the police department and hid or withheld them from the police chief;

(3) That on November 2, 1988, Petitioner Zufelt administratively disbanded the police reserve force which had been established by city ordinance [Benton City Code 2.32.020].

The Benton County Prosecuting Attorney prepared a ballot synopsis and filed a petition in Benton County Superior Court for a hearing to determine the sufficiency of the recall charges and adequacy of the ballot synopsis.

On December 21, 1988, a hearing was held in Benton County Superior Court before Judge Duane E. Taber who conducted *voir dire* examination of David Alexander to determine the basis of his knowledge of charges in the recall petition. Judge Taber concluded that Respondent Alexander's knowledge, based upon information sources, was sufficiently reliable to support a recall demand. In the order of sufficiency, the court found that the three charges were legally sufficient to support recall and that, upon correction of a typographical error in a Benton City ordinance citation, the ballot synopsis was adequate.

Appellant Zufelt, pursuant to RCW 29.82.160 and RAP 4.2(a)(1), appealed the superior court determination.

Appellant Zufelt contends that the trial court erred in concluding that Respondent David Alexander's petition for recall of Appellant Zufelt's election was sufficient under

RCW 29.82.023. He contends that respondent's petition is insufficient because respondent did not have firsthand or "testimonial" knowledge of the facts asserted in the petition. Appellant further contends that the ballot synopsis prepared by the Benton County Prosecutor is defective because the general preamble makes it ambiguous in determining whether appellant's alleged acts had only the effect of interfering with official police duties or whether appellant acted with the specific intent of interfering.

Respondent David Alexander contends that neither RCW 29.82 nor Washington case law requires a petitioner to have "direct" knowledge of recall charges. He contends that the trial court properly concluded that his information sources were sufficiently reliable for him to form an adequate basis of knowledge to support a demand for recall of Appellant Zufelt. Respondent further contends that the trial court's order of sufficiency of the ballot synopsis was proper and is not reviewable under RCW 29.82.023, which provides that such a decision by the superior court is final.

The Superior Court properly examined Respondent Alexander and was satisfied that the bases of his knowledge, although not all firsthand, were sufficiently reliable to meet the statutory requirement.[1]

The Superior Court properly found the petition *factually sufficient* to the extent that it (1) stated the acts complained of in concise language, including detailed descriptions; and (2) the appellant had knowledge of the alleged facts upon which the stated grounds for recall were based and believed the charges to be true. RCW 29.82.010. *See also Teaford v. Howard,* 104 Wn.2d 580, 584, 707 P.2d 1327 (1985); *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984).

---

[1]With respect to the charge of interference with discipline of an officer, Respondent Alexander spoke with the police chief and read a deposition admitted in a Civil Service Commission proceeding involving the police chief. The second charge was based on a written report prepared by a police officer who was present when Mayor Zufelt allegedly took police badges and commission cards from the station.

The decision of the superior court concerning the adequacy of the ballot synopsis is "final" under RCW 29.82.023 and is therefore not reviewable by this court. *See Kreidler v. Eikenberry,* 111 Wn.2d 828, 834, 766 P.2d 438 (1989); *Hatfield v. Greco,* 87 Wn.2d 780, 782, 557 P.2d 340 (1976).

The recall petition, however, does not meet the test for *legal sufficiency* because it does not state in what specific manner Mayor Zufelt's conduct constituted misfeasance, malfeasance or violation of his oath of office. *See Teaford,* 104 Wn.2d at 584.

Under RCW 29.82.023, "[a]n appeal of a sufficiency decision shall be filed in the supreme court as specified by RCW 29.82.160." Under RCW 29.82.160, this court generally has "revisory jurisdiction" over superior court decisions in recall matters. An appeal from a recall decision "shall be considered an emergency matter of public concern by the supreme court, and heard and determined within thirty days after the decision of the superior court." RCW 29.82.160.[2]

This court reviews recall petitions using the same criteria as the superior court. *Estey v. Dempsey,* 104 Wn.2d 597, 600, 707 P.2d 1338 (1985). The fundamental requirement is that the petition be both factually and legally sufficient. *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984). *See also Teaford v. Howard,* 104 Wn.2d 580, 584, 707 P.2d 1327 (1985).

Factual sufficiency means that the petition must comply with RCW 29.82.010, which requires the petitioner to:

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

---

[2] It is noted that more than 30 days had passed before the matter came for hearing before this court.

*See Chandler v. Otto,* 103 Wn.2d at 274. The petition must describe the charges "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables,* 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). *See also In re Morrisette,* 110 Wn.2d 933, 935, 756 P.2d 1318 (1988). Although the charges may contain some conclusions, they must state sufficient facts "to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler,* 103 Wn.2d at 274. *"Prima facie"* in this context means that, accepting the allegations as true, the charge on its face supports a conclusion that the official committed misfeasance, malfeasance, or a violation of the oath of office.[3] *Teaford,* 104 Wn.2d at 586. Those terms are defined by statute as follows:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
(b) Additionally, "malfeasance" in office means the commission of an unlawful act;
(2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29.82.010.

Legal sufficiency means that a petition must specifically state "substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Teaford,* 104 Wn.2d at 584. *See also Greco v. Parsons,* 105 Wn.2d 669, 671–72, 717 P.2d 1368 (1986). An elected official cannot be recalled for appropriately exercising discretion. *Teaford,* 104 Wn.2d at 584.

---

[3]*See* Black's Law Dictionary, at 1353 (4th rev. ed. 1968):

A *prima facie* case, . . . is one which is established by sufficient evidence, and can be overthrown only by rebutting evidence adduced on the other side.

In *Teaford,* this court stated:

> The rationale for requiring charges to be both legally and factually sufficient is clear. The requirement of factual sufficiency assures that charges, although adequate on their face, do not constitute grounds for recall unless supported by identifiable facts. The requirement of legal sufficiency protects an elected official from being subjected to the financial and personal burden of a recall election grounded on false or frivolous charges. *See Chandler,* at 272. *See also Bocek v. Bayley,* 81 Wn.2d 831, 839–40, 505 P.2d 814 (1973) (Utter, J., concurring).

*Teaford,* 104 Wn.2d at 584–85.

RCW 29.82.010 contains no reference to firsthand knowledge of facts underlying recall charges. The statute requires a petitioner "to have knowledge of the facts upon which the stated grounds for recall are based, rather than simply a belief that the charges are true." *Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984). In determining the sufficiency of the charges, the court may examine petitioners concerning their "knowledge and/or basis of their knowledge of the charges contained in the recall petition." *Cole,* 103 Wn.2d at 288.

The first charge is legally insufficient. It simply alleges that Mayor Zufelt directed Police Chief George Bazin not to take "formal" disciplinary action against an officer who damaged a police car while intoxicated. The charge does not state why this act constituted misfeasance, malfeasance, or a violation of the oath of office. The petition does not state whether Mayor Zufelt has such authority or discretion in police disciplinary matters. During the Superior Court's *voir dire* examination of Respondent Alexander, respondent testified that Mayor Zufelt only required the officer to repair the damaged car. However, respondent has not shown that Mayor Zufelt acted improperly or unlawfully in limiting the officer's discipline. Thus, on the first charge, the recall petition does not present a *prima facie* case of misfeasance, malfeasance, or violation of the oath of office.

The second charge is similarly legally insufficient. The recall petition does not state the charge with sufficient precision to show that removal of police badges and commission cards was other than a discretionary act of the mayor. While taking police badges and commission cards from the police station and withholding them from the police chief seems somewhat unusual, the petition on its face does not indicate in what manner that conduct amounted to misfeasance, malfeasance, or violation of the oath of office.

The third charge is also legally insufficient. The conduct challenged involves a discretionary act of the mayor. The Benton City police reserve is established under RCW 38.52.070 as an organization for emergency management. The mayor, as executive officer of Benton City, is responsible for direction and control of the reserves.[4] Benton City Ordinance 462 establishing the Reserves specifically provides that "[t]he Benton City Police Reserves shall function as a unit of the city civil service defense and under the supervision of the Chief of Police and the Mayor."[5] Benton City Code 2.32.040 provides that membership in the reserves shall be "approved and appointed by the Benton City Mayor." It was a discretionary act by the mayor in disbanding the police reserve force, identified in the November 2, 1988, administrative order. While the ordinance creating the police reserve force does not expressly grant the mayor power to unilaterally disband the force, the petition does not indicate whether Mayor Zufelt

---

[4]RCW 38.52.070(1) provides in part: "Each local organization for emergency management shall have a director who shall be appointed by the executive head of the political subdivision, and who shall have direct responsibility for the organization, administration, and operation of such local organization for emergency management, *subject to the direction and control of such executive officer or officers.*" (Italics ours.) RCW 38.52.070(1).

[5]Benton City Code 2.32.020.

exceeded his authority or otherwise committed a wrongful or illegal act by disbanding the reserve force.[6]

■ The sufficiency of the charge must be determined from the face of the petition. *Teaford,* 104 Wn.2d at 586. Because the recall petition does not allege the mayor's abuse of discretion, and does not identify a standard, law or rule which would make his conduct wrongful, improper or unlawful, the recall petition does not present a *prima facie* case of misfeasance, malfeasance, or violation of the oath of office.

Appellant Zufelt contends the ballot synopsis prepared by the Benton County Prosecuting Attorney is misleading to voters. However, the decision of the superior court regarding the adequacy of the synopsis is "final" under RCW 29.82.023 and therefore not reviewable.[7]

The recall petition does not meet the test of legal sufficiency because it does not specifically state how Mayor

---

[6]Benton City has a population of 1,800 persons as of January 1, 1989. Its police force consists of five persons. The police reserves consisted of three persons.

[7]The synopsis states that Mayor Zufelt committed the alleged acts "with the intention of frustrating and preventing the Benton City Police Chief and the Benton City Police Department from performing their official duties . . ." However, the petition itself simply alleged that Mayor Zufelt's acts had the effect of interfering with police duties, not that he acted with the specific intent of interfering.

The superior court's order of sufficiency of the ballot synopsis is "final" according to RCW 29.82.023. The superior court's exclusive authority in determining the adequacy of a ballot synopsis in a demand for recall is an administrative necessity to avoid burdensome appeals challenging the content of the synopsis. The central determination is whether the charges in the recall petition are legally and factually sufficient. The issue of the adequacy of the ballot synopsis is collateral to the sufficiency of charges issue. A sufficiency decision by the superior court can be appealed to the Supreme Court. If the charges are insufficient the recall petition will be dismissed and the ballot synopsis will not be distributed to the voters. If the charges are sufficient, the superior court has exclusive discretion to determine the adequacy of the ballot synopsis. The statutory language of RCW 29.82.023 supports the conclusion that finality in this instance precludes appellate review. This conclusion is also consistent with this court's decisions in *Kreidler v. Eikenberry,* 111 Wn.2d 828, 834, 766 P.2d 438 (1989) and *Hatfield v. Greco,* 87 Wn.2d 780, 782, 557 P.2d 340 (1976).

Robert M. Zufelt's conduct constituted misfeasance, malfeasance or violation of his oath of office. The petition on its face is not legally sufficient to warrant the financial and personal burden of a recall election.

We therefore reverse the trial court.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, PEARSON, ANDERSEN, and DURHAM, JJ., concur.

DORE, J., concurs in the result.