[No. 57419-7. Department One. November 8, 1990.]

*In the Matter of the Recall of*
JAMES WADE, ET AL.

*James Edward Egan,* for appellants.

*John S. Biggs, Lewis M. Schrawyer,* and *Keyes & Schrawyer,* for respondents.

DOLLIVER, J.—Several members of an organization called Concerned About Richland Education appeal from an order which found the charges made in a recall petition against Richland School Board members James Wade, Chris Mathieu, Judy Golberg, and Dave Watrous were not legally and factually sufficient to support a recall.

In July 1990, appellants filed a recall petition in Benton County which charged respondents with misfeasance, malfeasance, and violations of their oaths of office. Appellants

first alleged that at the end of the 1989/1990 school year, the Richland School District solicited applications for the available position of principal at Jason Lee Elementary School. The District appointed an 8–member interview committee to interview eight candidates and to recommend two candidates to the Superintendent's selection committee. The interview committee's preliminary ranking put Gale Crook first, Kathi Christensen second, and Jack Drummond, who had served as interim principal, third. A second discussion focusing on the top three candidates ranked Crook and Drummond first and second respectively. These two candidates were then presented unranked to Superintendent of Schools Margaret Chow's selection committee. Ms. Crook later withdrew from consideration. Superintendent Chow asked the interview committee to provide the name of another candidate. The committee recommended Kathi Christensen. The Superintendent's selection team then interviewed each finalist and recommended to the Richland School Board that it hire Christensen as principal of Jason Lee. The Board followed this recommendation and voted unanimously to hire Christensen.

Although other instances where the School Board selected a woman rather than a man for school principal were listed in the petition, the only charges were those involving the hiring of Kathi Christensen and the failure to hire Jack Drummond.

Appellants set forth the following specific charges:

Each school board director is guilty of both misfeasance and malfeasance because the vote of each [to hire Kathi Christensen] was an intentional violation of RCW 28A.85.020 and WAC 392–200–010 and –015 and constituted conduct that affected the performance of each member's official duty not to discriminate on the basis of sex.

Each school board member who voted to hire Kathi Christensen and who refused to hire Jack Drummond is guilty of misfeasance by improperly hiring a principal on the basis of sexual discrimination.

Each school board member who hired Kathi Christensen and refused to hire Jack Drummond is guilty of malfeasance by committing an unlawful act of sexual discrimination.

Each school board member who hired Kathi Christensen and refused to hire Jack Drummond violated his/her oath of office by failing to perform faithfully the duty imposed by law not to discriminate on the basis of sex.

Each school board member is guilty of fraudulently misrepresenting [to] the parents and media that this principal position was filled by the most qualified candidate and hiding the fact that a female was hired under the Richland School District's unlawful affirmative action program. This fraudulent misrepresentation is a violation of law and constitutes misfeasance, malfeasance, and a violation of oath of office.

The Benton County Prosecutor prepared a ballot synopsis and filed a petition in Superior Court to determine the sufficiency of the charges. No testimony was taken, but the parties submitted affidavits and other documentary evidence. After a hearing, the trial court ruled the charges were factually and legally insufficient and dismissed the recall petition.

Parenthetically, it should be noted the ballot synopsis prepared by the prosecutor, although not in the record, apparently contained charges not made in the petition. In their briefs, both parties represent that the synopsis charged respondents with misconduct in connection with the development of the affirmative action plan and in the hiring of Nancy Kyle and Beverly McGillicuddy, as well as Kathi Christensen. The petition, however, charged only that respondents committed misconduct in hiring Ms. Christensen instead of Jack Drummond. Since the adequacy of the petition is at issue, only that charge will be examined.

Appellants sought and were granted direct review pursuant to RCW 29.82.023 and RCW 29.82.160. The matter was considered on the record and without oral argument.

This court reviews recall petitions using the same criteria as the superior court. *Estey v. Dempsey,* 104 Wn.2d 597, 600, 707 P.2d 1338 (1985). The fundamental requirement is that the petition be both factually and legally sufficient. *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71

(1984); *Teaford v. Howard,* 104 Wn.2d 580, 584, 707 P.2d 1327 (1985). Factual sufficiency means the petition must comply with RCW 29.82.010, which requires petitioners to

state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

*See Chandler v. Otto, supra* at 274.

The petition must describe the charges "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables,* 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). Although the charges may contain some conclusions, they must "state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler,* at 274. In this context, "prima facie" means that, accepting the allegations as true, the charge on its face supports the conclusion that the official committed misfeasance, malfeasance, or a violation of the oath of office. *Teaford v. Howard, supra* at 586. Those terms are defined by statute as follows:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
(b) Additionally, "malfeasance" in office means the commission of an unlawful act;
(2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29.82.010.

A charge also must sufficiently "specify why [the challenged] acts constitute misfeasance, malfeasance or violation of the oath of office as defined in RCW 29.82.010." *Teaford,* at 587. In other words, a petition is insufficient if

"[v]oters cannot determine whether they actually believe the act requires removal of the official from office." *Teaford,* at 585. Moreover, where the petition charges the official with violating the law, the petitioners must at least have knowledge of facts which indicate an intent to commit an unlawful act. *Estey,* at 605; *In re DeBruyn,* 112 Wn.2d 924, 930, 774 P.2d 1196 (1989).

To be legally sufficient, the petition must state with specificity "substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Teaford,* at 584 (quoting *Chandler v. Otto, supra* at 274); *In re Zufelt,* 112 Wn.2d 906, 911, 774 P.2d 1223 (1989). Implicit in this statement is that a legally cognizable justification for an official's conduct renders a recall petition insufficient. *Greco v. Parsons,* 105 Wn.2d 669, 671, 717 P.2d 1368 (1986). For instance, officials cannot be recalled for exercising their discretionary powers unless that discretion was exercised in a manifestly unreasonable manner. *Greco,* at 672.

The purpose of requiring factual sufficiency is to ensure that charges, "although adequate on their face, do not constitute grounds for recall unless supported by identifiable facts." *Teaford,* at 585. The requirement of legal sufficiency "protects an elected official from being subjected to the financial and personal burden of a recall election grounded on false or frivolous charges." *Teaford,* at 585.

Although appellants make several charges in connection with the hiring of Kathi Christensen, they are all reduced to the same charge: respondents intentionally discriminated against Jack Drummond because he is a man. There is no serious dispute that such an act, if it occurred, is unlawful. Although school districts have been directed to establish affirmative action plans designed to eliminate discrimination against women, districts may not deny anyone employment on the basis of sex. RCW 28A.85; WAC 392-200.

The present petition is nonetheless legally and factually insufficient. Although the petition alleges respondents

intentionally discriminated against Drummond because of his sex and intentionally violated the law in doing so, this allegation is merely a conjectural conclusion unsupported by any of the facts set forth in the petition. All that is known from the petition is that sometime in the selection process, Drummond was ranked just ahead of Christensen; that the Superintendent's selection team evaluated both candidates and recommended to the Board that it hire Christensen; and that the Board followed this recommendation. It is impossible to conclude from these facts that the Board voted to hire Christensen solely because she is a woman. It is not known what Drummond's and Christensen's relative qualifications were, why Drummond was ranked ahead of Christensen at one point, what process the Superintendent's selection team went through to reach its final recommendation, or what the Superintendent told the Board to convince it to select Christensen. Just because the District's affirmative action plan had a general "aim" to increase the number of women in administrative positions does not suggest that in this particular instance the Board refused to hire Drummond because he is a man.

The petition does not contain enough detail to enable the electorate to make an "informed" decision about whether respondents committed misconduct warranting their recall. *Jenkins v. Stables,* 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). The facts do not establish a prima facie case of misfeasance, malfeasance, or violation of the oath of office; they do not show respondents improperly exercised their discretion in hiring Christensen; and they do not show respondents intentionally violated the law.

Furthermore, there are no facts within appellants' knowledge which support the charge that respondents intentionally discriminated against Drummond because of his sex. All three members of the Superintendent's selection team submitted affidavits to the trial court explaining that Drummond's and Christensen's names were presented to them unranked; they believed that Christensen had done a better job answering the questions they posed; they knew

they were prohibited from discriminating against any candidate on the basis of sex; their selection of Christensen was not based on her sex; and they all reported to the Board, in executive session, Christensen was the more qualified candidate.

Appellants presented a copy of the 1987 affirmative action plan, which, among other things, set a goal of employing "at least two additional females in [the administrative] category in the next three to five years." To conclude from this general "goal", however, that this particular hiring decision was made on the basis of sex is pure conjecture. The petition does not allege acts "clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Teaford*, at 584 (quoting *Chandler*, at 274).

Appellants' recall petition is factually and legally insufficient. The trial court is affirmed.

CALLOW, C.J., and UTTER, ANDERSEN, and GUY, JJ., concur.