[No. 60780-0.  En Banc.  October 21, 1993.]

*In the Matter of the Recall of*
DOLORES LEE.

*Davies Pearson, P.C.,* by *Peter T. Petrich,* for appellant.

*Tiller, Fagerness & Wheeler* and *Larry W. Fagerness,* for respondents.

PER CURIAM. — Dolores Lee, mayor of the Town of Pe Ell, appealed from a judgment finding certain charges in a recall petition to be legally and factually sufficient for submission to voters. On September 2, 1993, this court considered the appeal on an expedited basis and issued an order affirming

the judgment. This opinion sets forth the reasons for the court's decision.

The recall petitioners originally filed a petition containing six charges against Mayor Lee. The Lewis County Superior Court found three of the charges sufficient, with some modifications. The charges as approved by the court and appearing on the ballot synopsis are as follows:

## COUNT I

Dolores Lee, as Mayor of the Town of Pe Ell, committed an act of misfeasance and violated her oath of office by violating Section 6 paragraph 1 of Ordinance No. 275, the provisions of which made water service to any customer whose account was delinquent after June 20, 1993 subject to an immediate disconnect[,] and Article 8 Section 7 of the Constitution of the state of Washington prohibiting the extension of credit by the town, when Mayor Lee on June 21, 1993 failed to order disconnection of water service to a delinquent customer and accepted a partial payment with a notation "Will pay the balance by 6-28-93" while disconnection was ordered to other delinquent customers.

## COUNT II

Dolores Lee, as Mayor of the Town of Pe Ell[,] committed an act of misfeasance and violated her oath of office by conducting an executive session of the Town Council on February 2, 1993 and thereafter advising the Clerk-Treasurer that the council had voted in executive session to write off the delinquent Dorey water account and by directing the Clerk-Treasurer to discharge the debt when the Council took no such action at its executive session.

## COUNT III

That Dolores Lee, as Mayor of the Town of Pe Ell[,] committed an act of misfeasance and violated her oath of office to faithfully perform duties imposed by law and interfered with the official duties of the police department by directing a police officer and town marshall never to write a citation against her at the times and circumstances following:

In July 1992 Mayor Lee told officer Everett Fairchild if he ever wrote her a citation it would be the last one that he would ever write.

On numerous occasions beginning in December 1992, Mayor Lee directed Town Marshall Doug Anderson that he was never to issue a police citation against her and cited as an example that former Town Marshall Tony Beaver was fired shortly after writing a traffic citation against her.

Clerk's Papers, at 12-13.

■■ Charges in a recall petition must be both factually and legally sufficient. *In re Wade*, 115 Wn.2d 544, 547, 799 P.2d 1179 (1990). To be factually sufficient, a charge must

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

*Wade*, at 548 (quoting RCW 29.82.010).

The charges must be made "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables*, 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). Although charges may contain some conclusions, they must state sufficient facts to "identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). "Misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty". RCW 29.82.010(1). "Misfeasance" also includes the performance of an official duty in an "improper manner", and "malfeasance" includes the commission of an unlawful act. RCW 29.82.010(1)(a); *In re Hurley*, 120 Wn.2d 378, 380, 841 P.2d 756 (1992). "Violation of the oath of office" means the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82.010(2).

A charge also must sufficiently "specify why [the challenged] acts constitute misfeasance, malfeasance or violation of the oath of office as defined in RCW 29.82.010." *Teaford v. Howard*, 104 Wn.2d 580, 587, 707 P.2d 1327 (1985). Furthermore, "where the petition charges the official with violating the law, the petitioners must at least have knowledge of facts which indicate an intent to commit an unlawful act." *In re Wade, supra* at 549. Although the recall statutes do not require firsthand knowledge of the facts

underlying the charges, the petitioners must have some form of knowledge of the facts upon which the charges are based rather than simply a belief that the charges are true. *In re Zufelt*, 112 Wn.2d 906, 912, 774 P.2d 1223 (1989).

■ To be legally sufficient, a charge must state with specificity " 'substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.' " *Wade*, at 549 (quoting *Teaford*, at 584).

In terms of detail and specificity, the charges as approved by the Superior Court are factually sufficient. They indicate the date the alleged acts occurred and describe the acts in sufficient detail to inform the voters what Mayor Lee allegedly did. The recall petitioners also have sufficient knowledge of the facts underlying the acts charged, since each appears to have been directly involved in one or more of the incidents described in the charges.

■ The charges also make a sufficient prima facie showing of substantial misfeasance, malfeasance, or violation of the oath of office. Count 1 alleges that Mayor Lee violated a local ordinance and a constitutional prohibition when she accepted a late partial payment from one delinquent water customer while allowing the service of other delinquent customers to be disconnected. The ordinance cited in the charge states that when water accounts remain delinquent after the 20th of the month, the Town's clerk-treasurer must give the customer's name to the water superintendent, who then has a duty to disconnect the delinquent customer's service. Although the ordinance does not indicate that the mayor has any specific duties with regard to delinquent water accounts, the alleged preferential treatment Mayor Lee gave to one customer could constitute "wrongful conduct" which interfered with official duties regarding delinquent water accounts. RCW 29.82-.010(1).

■ Count 2 charges that Mayor Lee directed the Town's clerk-treasurer to take action on the authority of the Council when the Council in fact did not authorize that action. If this charge is true, Mayor Lee clearly engaged in wrongful con-

duct which "affected" the performance of her duties as well as those of the clerk-treasurer. RCW 29.82.010(1). Further, if true, she carried out her duties in an "improper manner" and failed to perform her duties "faithfully". RCW 29.82.010-(1)(a), (2).

■ Finally, count 3 accuses Mayor Lee of threatening town police officers with termination if they issued citations against her. Such acts, if they occurred, would constitute not only an abuse of Mayor Lee's own official duties, but would as well constitute wrongful interference with the official duties of the officers.

In challenging the sufficiency of the charges, Mayor Lee argues, first, that count 1 does not accurately reflect the allegations originally contained in the recall petition because the petition failed to expressly allege that the water service of the delinquent customer was not disconnected. The ballot synopsis does not precisely mirror the language of the recall petition, but the petition clearly indicated that Mayor Lee accepted a late payment from the delinquent customer rather than order his service disconnected. The plain gist of the charge is that Mayor Lee gave preferential treatment to a particular customer by excusing his delinquency and allowing him additional time to pay the balance of his account.

Mayor Lee contends that count 2 is inadequate because the petition alleged that only "some members of the Town Council" said that no decision had been made to discharge the delinquent account. This implies, Lee argues, that other members of the Council had agreed to discharge the account. The claims of "some members" of the Council about what happened at the meeting simply provide the basis of the recall petitioners' knowledge of the allegations contained in the charge. This is a sufficient basis. *In re Zufelt, supra* at 912. The factual assertion supported by this allegation is that the Council did not vote to discharge the debt. The court's task is only to determine the sufficiency of the charges, not their truth. RCW 29.82.023.

Finally, Mayor Lee argues that count 3 is inadequate because it does not allege that any police officer ever refrained

from issuing her a citation because of what she said. Further, Mayor Lee contends that the statements she allegedly made were not related to her official duties. There is no merit to these arguments. Even if no officer ever refrained from issuing Mayor Lee a citation out of fear for his job, such threats alone would be a clear abuse of the mayor's position of authority over the police department and would be wrongful by any standard. Plainly, the alleged threats were related to Mayor Lee's official duties, since she purportedly made them in her capacity as mayor.

Much of Mayor Lee's argument relates to the absence of allegations which would negate defenses to the charges. A charge need only make a prima facie showing of official misconduct, however. *Chandler v. Otto, supra* at 274. The charges do so in this case. Mayor Lee will have the opportunity to defend herself during the electoral process.

The recall charges as approved by the Superior Court are factually and legally sufficient. Accordingly, the judgment of the Superior Court is affirmed.