[No. 60887-3.    En Banc.    March 3, 1994.]

D.E. JEWETT, *Appellant*, v. WILLIAM H. HAWKINS, *Respondent*.

*D.E. Jewett*, pro se.

*G. Tim Martin*, for respondent.

*Christine O. Gregoire, Attorney General, Lloyd W. Peterson, Senior Assistant*, and *Jeffrey T. Even, Assistant*, amicus curiae.

PER CURIAM — Donald E. Jewett appeals from a judgment dismissing his recall petition against Island County Prosecuting Attorney William H. Hawkins. We affirm.

On August 23, 1993, Jewett filed a recall petition charging Hawkins with six acts of improper and wrongful use of prosecutorial powers. The Attorney General prepared a ballot synopsis and petitioned the superior court to determine the factual and legal sufficiency of the charges. After examining Jewett in court and reviewing the written materials, the court determined that the charges were factually and legally insufficient for submission to the voters. Accordingly, the court dismissed the recall petition. Jewett appealed to this court.

This court reviews recall petitions using the same criteria as the superior court. *In re Wade*, 115 Wn.2d 544, 547, 799 P.2d 1179 (1990). The fundamental requirement is that the charges be both factually and legally sufficient. *In re Lee*, 122 Wn.2d 613, 616, 859 P.2d 1244 (1993). To be factually sufficient, a charge must

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

RCW 29.82.010.

This court thoroughly discussed the requirement of factual sufficiency in *In re Lee, supra*:

> The charges must be made "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables*, 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). Although charges may contain some conclusions, they must state suffi-

cient facts to "identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). "Misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" also includes the performance of an official duty in an "improper manner", and "malfeasance" includes the commission of an unlawful act. RCW 29.82.010(1)(a); *In re Hurley*, 120 Wn.2d 378, 380, 841 P.2d 756 (1992). "Violation of the oath of office" means the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82.010(2).

A charge also must sufficiently "specify why [the challenged] acts constitute misfeasance, malfeasance or violation of the oath of office as defined in RCW 29.82.010." *Teaford v. Howard*, 104 Wn.2d 580, 587, 707 P.2d 1327 (1985). Furthermore, "where the petition charges the official with violating the law, the petitioners must at least have knowledge of facts which indicate an intent to commit an unlawful act." *In re Wade, supra* at 549. Although the recall statutes do not require firsthand knowledge of the facts underlying the charges, the petitioners must have some form of knowledge of the facts upon which the charges are based rather than simply a belief that the charges are true. *In re Zufelt*, 112 Wn.2d 906, 912, 774 P.2d 1223 (1989).

*In re Lee, supra* at 616-17.

■■ To be legally sufficient, a charge must state with specificity " 'substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.' " *In re Wade, supra* at 549 (quoting *Teaford v. Howard*, 104 Wn.2d 580, 584, 707 P.2d 1327 (1985)). An elected official cannot be recalled for appropriately exercising the discretion granted to him or her by law. *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). If a discretionary act is the focus of the petition, the petitioner must show that the official exercised discretion in a manifestly unreasonable manner. *Greco v. Parsons*, 105 Wn.2d 669, 672, 717 P.2d 1368 (1986).

Jewett's first charge alleges that Hawkins wrongfully failed to file criminal extortion charges against attorney Ken Pickard based on Pickard's alleged threat to seek criminal prosecution of Vincent Tomaso, Jewett's son-in-law. The

petition presents no facts showing that Hawkins engaged in conduct justifying recall. When Jewett first accused Pickard of criminal wrongdoing, a decision was made to refer the investigation to the Attorney General, in accordance with RCW 43.10.232. That decision, however, was made by Hawkins' predecessor, David Thiele. Hawkins was then a deputy prosecutor. The recall statute applies only to elective public officers. RCW 29.82.010. Furthermore, the decision whether to refer a case to the Attorney General is discretionary, and prosecutors generally have wide discretion in charging decisions. *State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984). The petition states no facts showing that either referral of the case to the Attorney General or the failure to ultimately charge Pickard with a crime was manifestly unreasonable.

The second charge alleges that in January 1991, Hawkins filed an appeal of a trial court order dismissing perjury charges against Tomaso. To fix the date of this claimed misconduct, Jewett relies on an appellate brief which Hawkins filed in January 1991. Report of Proceedings, at 63-64. The notice of appeal, however, was filed in October 1990, before Hawkins assumed office as prosecuting attorney. Furthermore, Jewett states no facts, beyond his unsubstantiated belief, showing that Hawkins pursued the appeal out of vindictiveness or for political purposes.

Charge 3 asserts that Hawkins advised the county sheriff not to investigate Jewett's criminal allegations against Pickard. Jewett bases this charge on a letter Hawkins wrote on August 9, 1991. That letter merely advised the sheriff to forward any materials on the case to the attorney general's office since that office was already handling the matter. Hawkins did not advise the sheriff to refrain from investigating the case. Jewett alleges that Hawkins was attempting to protect Pickard from investigation by "proper" law enforcement authorities. The Attorney General is unquestionably a proper law enforcement authority, however.

In the fourth charge, Jewett alleges that in October 1991, Hawkins instructed the deputy prosecutor to pursue a shop-

lifting charge against Tomaso despite an earlier agreement between Tomaso and the victim to compromise the charge. The petition states no facts showing that Hawkins committed any act of misfeasance, malfeasance, or violation of the oath of office. The agreement form stated on its face that it was subject to the prosecutor's approval. Again, Jewett charges vindictiveness but presents no facts showing knowledge of Hawkins' motivation.

The fifth charge alleges that Hawkins refiled perjury charges against Tomaso after the Court of Appeals reversed the trial court's dismissal of those charges. There is no factual basis for this charge. After reversing the dismissal of the charges, the Court of Appeals remanded the case to the trial court for further proceedings. There was no apparent need at that point to refile the charges. At the hearing, Jewett could not verify his allegation that Hawkins "refiled" the charges. Once more, Jewett makes conclusory claims of vindictiveness and maliciousness without stating any supporting facts.

In his last charge, Jewett alleges that Hawkins wrongfully filed a gross misdemeanor charge of reckless endangerment, based on an incident in which floodlights purportedly were used to disrupt the approach to a Navy landing field. The petition states no facts on its face showing that Hawkins abused his discretion or committed any wrongful act in connection with this matter. Jewett claims that prosecutors have no authority to institute arrests for gross misdemeanors, but at the hearing it was shown that Jewett had no factual basis for his assertion that the accused was arrested. Instead, the accused received a citation in the mail. The petition makes no prima facie showing of misfeasance, malfeasance, or violation of the oath of office.

Finally, Jewett alleges throughout his petition that Hawkins' actions wasted taxpayers' money. A general allegation that public funds are being wasted is insufficient evidence of abuse of discretion. *Cole v. Webster*, 103 Wn.2d 280, 285, 692 P.2d 799 (1984). Jewett's petition is, in essence, an attack upon Hawkins' judgment in the exercise

of discretionary acts. This is not a proper basis for recall. *Chandler v. Otto, supra* at 275.

The Superior Court's order dismissing the recall petition is affirmed.