[Nos. 61656-6; 61657-4.    En Banc.    January 12, 1995.]

*In the Matter of the Recall of*
RICHARD M. SHIPMAN, ET AL.

*Mark S. Beaufait* and *Elston, Brown & Beaufait, P.S.,* for appellants.

*Craig A. Ritchie* and *Doherty Ritchie*, for respondents.


PER CURIAM. — Several Jefferson County citizens appeal from a judgment dismissing their recall petitions against Jefferson County Public Utility District commissioners Richard Shipman and Kenneth McMillen. We affirm.

In April 1994, Appellants, individually and on behalf of an organization called "PUD Recall Committee", filed essentially identical recall petitions against Richard Shipman and Kenneth McMillen, two of three commissioners of Jefferson County Public Utility District 1. The petitions contain 16 charges generally accusing Shipman and McMillen of mismanagement and inadequate and improper accounting practices. The Jefferson County prosecuting attorney prepared a ballot synopsis and petitioned the superior court to determine the factual and legal sufficiency of the charges. On May 9, 1994, the Superior Court issued an order finding all of the charges factually and legally insufficient for submission to the voters. Accordingly, the court dismissed the recall petitions. Appellants separately appealed the dismissal of each petition to this court, and the appeals were consolidated.

We review recall petitions using the same criteria as the superior court. *Jewett v. Hawkins*, 123 Wn.2d 446, 447, 868 P.2d 146 (1994). The fundamental requirement is that the charges be both factually and legally sufficient. *Jewett*, at 447. To be factually sufficient, a charge must

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

RCW 29.82.010.

This court has thoroughly addressed the requirement of factual sufficiency in several recent decisions:

> The charges must be made "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables*, 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). Although charges may contain some conclusions, they must state sufficient facts to "identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). "Misfeasance" and "malfeasance" both mean "any wrongful conduct that

affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" also includes the performance of an official duty in an "improper manner", and "malfeasance" includes the commission of an unlawful act. RCW 29.82.010(1)(a); *In re Hurley*, 120 Wn.2d 378, 380, 841 P.2d 756 (1992). "Violation of the oath of office" means the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82.010(2).

A charge also must sufficiently "specify why [the challenged] acts constitute misfeasance, malfeasance or violation of the oath of office as defined in RCW 29.82.010." *Teaford v. Howard*, 104 Wn.2d 580, 587, 707 P.2d 1327 (1985). Furthermore, "where the petition charges the official with violating the law, the petitioners must at least have knowledge of facts which indicate an intent to commit an unlawful act." *In re Wade*, [115 Wn.2d 544] at 549[, 799 P.2d 1179 (1990)]. Although the recall statutes do not require firsthand knowledge of the facts underlying the charges, the petitioners must have some form of knowledge of the facts upon which the charges are based rather than simply a belief that the charges are true. *In re Zufelt*, 112 Wn.2d 906, 912, 774 P.2d 1223 (1989).

*Jewett v. Hawkins, supra* at 447-48 (quoting *In re Lee*, 122 Wn.2d 613, 616-17, 859 P.2d 1244 (1993)).

■ "Legal sufficiency" means the charge must state with specificity " 'substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.' " *In re Wade, supra* at 549 (quoting *Teaford v. Howard, supra* at 584). Elected officials generally may not be recalled for decisions which are lawfully within their discretion. *Chandler v. Otto, supra* at 274; *In re Call*, 109 Wn.2d 954, 959, 749 P.2d 674 (1988). If a discretionary act is involved, the petitioner must show that the official exercised discretion in a manifestly unreasonable manner. *Greco v. Parsons*, 105 Wn.2d 669, 672, 717 P.2d 1368 (1986).

Appellants' first charge alleges that on June 3, 1992, Respondents Shipman and McMillen committed acts of misfeasance by "arbitrarily and unreasonably" approving a 300 percent water rate increase without adequate accounting data, without reconciliation to actual costs, and contrary to the recommendations of retained experts. Appellants do not challenge the dismissal of the second charge. Charge 3 alleges

that, in a similar manner to that alleged in the first charge, Respondents approved a 357 percent rate increase in September 1993. Appellants also assert that the utility district's accounting system was inadequate to allow the commissioners to properly review and evaluate water rates.

The setting of water rates is a matter within the exclusive discretion of Respondents as public utility district commissioners. RCW 54.16.030. The adequacy of the data, the accounting system used to evaluate that data, and the question of whether to follow experts' recommendations are matters of judgment within that discretion. The facts alleged in the first and third charges do not establish a prima facie case of manifest abuse of discretion.

Charges 4 and 5 are essentially identical in alleging that Respondents committed misfeasance by adopting budgets without adequate accounting information, by listing local utility district (LUD) assessments as general income, by relying on hookup charges for general operating expenses, and by appropriating excessive amounts to personnel costs. Again, these charges question Respondents' judgment in the exercise of discretionary acts. None of the facts alleged show Respondents committed any wrongful act, intentionally violated any law, or willfully neglected any duty.

The sixth charge alleges Respondents failed to ensure that utility district staff implemented the commissioners' decision to install a new and appropriate accounting system. This charge fails to show on its face that Respondents violated any of their duties as commissioners. Accounting is an administrative function within the duties of the general manager of the utility district. RCW 54.16.100. Appellants state no facts showing wrongful conduct or willful neglect of duties.

Charge 7 alleges Respondents allowed the utility district to be overstaffed. Staff size is clearly a discretionary decision. The petitions fail to show any manifest abuse of discretion in the matter of staff.

In charge 8, Appellants contend that Respondents failed to adequately review and supervise LUD assessments, with

the result that assessments were deposited in the general fund rather than the bond fund. No facts are alleged showing such deficient review and supervision as to amount to misconduct or willful neglect of Respondents' official duties, however.

The ninth charge asserts that Respondents failed to refund certain savings to property owners within a LUD. The charge itself, however, states that such refunds are only "permissible", making this a matter of discretion. Appellants do not make a prima facie showing of manifest abuse of discretion. Charge 10 again claims lack of adequate supervision, this time in the application of grant moneys to reduce LUD assessments. This charge does not even allege Respondents knew of any misapplication of grant moneys. To the extent Appellants suggest Respondents were derelict in their duties, there is no showing of willful neglect.

Charges 11 and 12 accuse Respondents of failing to adequately supervise the number of hookups in certain areas, allowing district staff to charge less than the required fees for certain hookups, and agreeing to take over an uneconomical water system without consideration of the costs of operating the system. These charges merely make conclusory allegations regarding Respondents' conduct without presenting any facts showing manifest abuse of discretion, wrongful conduct, or willful violation of official duties.

In the 13th charge, Appellants allege Respondents approved a LUD assessment which included unnecessary costs and failed to make provision for federal grant moneys. The necessity of costs is plainly a discretionary matter committed to Respondents' judgment, and no facts are alleged showing Respondents manifestly abused their discretion. As for federal grant moneys, the charge does not show Respondents were required to make provision for such moneys in the resolution approving the LUD. Appellants also allege in charge 13 that the LUD was approved against the will of the majority of residents within the LUD. The trial court found this allegation to be clearly without merit, and Appellants do not show otherwise. Finally, charge 13 claims Respondents failed to supervise

688

the application for federal grant money. Appellants do not show, however, that Respondents had any duty to supervise such day-to-day staff functions.

The final three charges concern Respondents' alleged failure to adequately supervise staff in the assessment of fees, in the authorization of hookups, and in the collection of accounts. These charges once again concern the failure to supervise administrative functions that are the direct responsibility of the district manager. Appellants present no facts showing Respondents willfully neglected any of their supervisory duties.

All in all, Appellants accuse Respondents of inadequate accounting practices, mismanagement, and poor judgment. While these matters may be properly raised in the course of a regular election, such questions of judgment and discretion do not constitute proper bases for recall. *Jewett v. Hawkins, supra* at 450-51; *In re McNeill*, 113 Wn.2d 302, 308, 778 P.2d 524 (1989).

The Superior Court's order dismissing the recall petitions is affirmed.