[No. 63402-5.   En Banc.   March 14, 1996.]

*In the Matter of the Recall of* DEXTER R. AMEND, M.D., *Spokane County Coroner.*

*Donald A. Kellman*, for appellant.

*Francis A. Malone* and *Joseph Cooney Legal Services, P.S.*, for respondents.

PER CURIAM. — Spokane County Coroner Dexter Amend appeals from an order finding sufficient two charges contained in a recall petition filed by respondents Barbara Lampert and Chris Christenson. We reverse.

On August 28, 1995, respondents filed a petition for the recall of Amend, charging that he committed acts of misfeasance and malfeasance in office by failing to keep an autopsy report confidential, in violation of RCW 68.50.105, and by disclosing health care information without proper authorization, contrary to ch. 70.02 RCW. Respondents specifically charged that, on August 8, 1995, Amend revealed to a Spokesman-Review reporter that the autopsy of a nine-year-old murder victim indicated that she had been sexually abused over a number of years. Respondents also alleged that on that same date and sometime afterward, Amend revealed essentially the same information to a local television reporter. Respondents further asserted that the reporters were not persons authorized under RCW 68.50.105 to receive autopsy reports.

Pursuant to RCW 29.82.021, the Spokane County prosecuting attorney prepared a ballot synopsis and petitioned the superior court to determine the sufficiency of the charges and the adequacy of the synopsis. The prosecutor's synopsis contained four charges consisting of two violations each of RCW 68.50.105 and ch. 70.02 RCW.

At the superior court hearing, Amend submitted an affidavit stating that he had discussed the investigation of the child's death with her family and that her father had authorized Amend to publicly discuss and disclose the autopsy results, including the evidence of sexual abuse. Amend said that "[a]t all times relevant to these proceedings, I understood that I had the authorization and permission of [the child's] family" to publicly discuss the autopsy. Amend attached to the affidavit a letter that the child's father wrote on August 25, 1995, addressed "To Whom It May Concern." In the letter, the father stated that Amend had informed him of the results of the autopsy and that

he had given Amend permission to talk about these results. Neither of the respondents had any basis to dispute the truth of Amend's affidavit or the authenticity of the father's letter.

The superior court found insufficient the charges that Amend violated ch. 70.02 RCW, but found sufficient the charges that Amend violated RCW 68.50.105 by failing to keep confidential the results of the autopsy report. As approved by the court, the ballot synopsis contains two separate charges accusing Amend of violating RCW 68.50.105.

██ We review recall petitions using the same criteria as the superior court. *In re Shipman*, 125 Wn.2d 683, 684, 886 P.2d 1127 (1995). Those criteria are well established and will not be fully repeated here. *See Shipman*, 125 Wn.2d at 684-85. The fundamental requirement is that the charges be both factually and legally sufficient. *Id*. To be factually sufficient, a petition must state in detail the acts complained of, and the petitioners must have knowledge of facts which support the charges. RCW 29.82.010. "Legal sufficiency" means that "the charge must state with specificity ' "substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." ' " *Shipman*, 125 Wn.2d at 685 (quoting *In re Wade*, 115 Wn.2d 544, 549, 799 P.2d 1179 (1990)).

██ In the context of recall petitions, "misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" also means "the performance of a duty in an improper manner," and "malfeasance" includes "the commission of an unlawful act." RCW 29.82.010(1)(a), (b). When a petition charges an official with violating the law, the petitioners must have knowledge of facts indicating the official intended to commit an unlawful act. *In re Wade*, 115 Wn.2d at 549.

The statute which respondents charge Amend with violating provides that "[r]eports and records of autopsies or post mortems shall be confidential," except that copies may be obtained and examined by "any family member,

the attending physician, the prosecuting attorney or law enforcement agencies having jurisdiction, public health officials, or . . . the department of labor and industries in cases in which it has an interest under RCW 68.50.103." RCW 68.50.105. The statute also requires the coroner, upon request, to meet with family members to discuss the findings of the autopsy or postmortem. No apparent criminal or civil penalty is imposed for violating the statute.

Amend admits that he revealed a portion of the autopsy to the media. He asserts without contradiction, however, that the deceased's family gave him permission to publicly discuss the autopsy results. Respondents do not challenge the truth of Amend's affidavit or provide any basis for questioning the authenticity of the letter by the deceased's father supporting the affidavit. Under the circumstances, the recall petition does not allege facts showing that Amend clearly violated the law.

The superior court's order finding two of the recall charges sufficient is reversed.