[No. 65051-9.   En Banc.   Decided July 17, 1997.]

*In the Matter of the Recall of* STANLEY CAREY, ET AL.,
*as Southwest Suburban Sewer District*
*Commissioners.*

*Thomas G. Matson,* for appellant.

*Inslee, Best, Doezie & Ryder, P.S.,* by *Michael P. Ruark,* for respondents.

PER CURIAM. — Southwest Suburban Sewer District Commissioner John Jovanovich appeals from a judgment dismissing his recall petitions against fellow commissioners Stanley Carey and William Tracy. We affirm.

This court reviews recall petitions using the same criteria as the superior court. *In re Shipman,* 125 Wn.2d 683, 684, 886 P.2d 1127 (1995). Those criteria have been

described in detail in numerous decisions and will not be set forth at length here. *See, e.g., Shipman*, 125 Wn.2d at 684-85. Generally, to be factually sufficient, the petition must state in detail the acts complained of, and the petitioner must have knowledge of identifiable facts which support the charges. *In re Anderson*, 131 Wn.2d 92, 95, 929 P.2d 410 (1997). To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office. *Shipman*, 125 Wn.2d at 685.

Although the petitions in this case detail some 25 acts purportedly justifying respondents' recall, Jovanovich discusses only five in his brief to this court. Two of these charges are that respondents allowed a former commissioner to make personal use of District-owned compost and a District-owned tractor and allowed the District manager to store his boat in a District garage. Jovanovich does not assert those charges as grounds for recall in the petitions, however. They are mentioned in the petitions, but only as predicates to other charges. Specifically, the petitions charge that the compost incident led respondents to improperly approve a resolution prohibiting District employees from making public statements about District business without prior approval, and that respondents improperly refused to place the boat storage issue on a meeting agenda. The sufficiency of a recall petition must be determined from its face. *In re Zufelt*, 112 Wn.2d 906, 914, 774 P.2d 1223 (1989). Because Jovanovich does not discuss or explain in his brief how the charges as they appear in the petition justify recall, we consider them abandoned and will not disturb the superior court's decision based on them.

Jovanovich next alleges respondents violated state law by approving the construction of a stormwater pumping station without obtaining a pollution discharge permit. The only statute Jovanovich says respondents violated, however, is RCW 80.50, which governs the siting of energy facilities, not the construction of stormwater pumping sta-

tions. Moreover, the undisputed evidence is that respondents relied on District staff to procure the necessary permits, and when the District manager learned a pollution discharge permit was required, he immediately applied for and received one. Jovanovich has no knowledge of any contrary facts.

The next charge is that respondents violated RCW 35.43.190 by awarding an engineering contract to a campaign contributor rather than to the lowest bidder. RCW 35.43, however, governs the establishment of local improvement districts and therefore does not apply to this case. The statute governing the selection of engineering contracts by municipalities and special districts provides that such contracts are not awarded on a competitive bid basis but are awarded to the firm "deemed to be the most highly qualified to provide the services required for the proposed project" based on established criteria. RCW 39.80.040. It is uncontroverted that the Board selected an engineering firm from the District's roster of qualified firms based on the evaluation and recommendation of District staff. Jovanovich has no knowledge of any facts showing campaign contributions played any part in the Board's decision.

Jovanovich finally charges that respondents paid Tracy to be secretary of the Board even though he did not perform the duties of secretary. See RCW 56.12.010 (sewer board secretaries may be paid a reasonable sum for clerical services). Neither the petitions nor Jovanovich's brief specifies what "duties" Tracy failed to perform, however. It is thus impossible from the petitions for the voter to tell whether this charge provides grounds for recall. See Teaford v. Howard, 104 Wn.2d 580, 585, 707 P.2d 1327 (1985). Although other materials in the record indicate Tracy does not physically take the minutes of Board meetings (the District manager does so), Jovanovich presents no evidence that Tracy fails to perform other duties of the office, nor does he cite any authority suggesting it is

improper to pay Tracy for performing other duties even though he does not physically take minutes.

Affirmed.