[No. 75921-9. En Banc.]
Considered March 31, 2005. Decided July 7, 2005.

*In the Matter of the Petition To Recall* CYNTHIA OLSEN, *Commissioner of the Port of Tahuya.*

*Thomas C. O'Hare* (of *Smith & O'Hare, P.S., Inc.*), for appellants.

*Blair B. Burroughs* (of *Lawler Burroughs & Baker, P.C.*), for respondent.

¶1 MADSEN, J. — Bradley J. Carey, Celeste A. Carey, Norton B. Young, Beatrice H. Young, Harold Carey, Barbara G. Carey, John L. Christen, Michael S. Christen, Ernest W. Aries, and Shirley J. Aries (Petitioners) have filed a petition to recall Cynthia Olsen from her position as port commissioner of the Port of Tahuya. Petitioners allege Olsen violated Washington State's code of ethics for municipal officers by voting for the authorization and approval of contracts in which they allege she was beneficially interested. The Mason County Superior Court dismissed the petition, finding the charges legally insufficient. We affirm.

## FACTS

¶2 The Port of Tahuya was established in 1925, and its district consists of approximately 30 square miles of largely rural area, bounded to the south and west by Hood Canal. The Port of Tahuya Commission consists of three members, with each commissioner being elected for a staggered six-year term. Cynthia Olsen was appointed to the Port of Tahuya Commission in 1995 and has served as a commissioner since that time. Commissioners Olsen and Gilbert were defendants in a civil lawsuit brought by a local citizens group, the "Residents for Preservation of Quality of Life on Hood Canal," alleging, among other things, violations of the Washington Open Public Meetings Act of 1971, chapter 42.30 RCW.

¶3 On July 9, 2004, a special meeting of the port was called to consider motions for the port, pursuant to RCW

53.08.208, to provide a defense to Commissioners Olsen and Gilbert in the existing Open Public Meetings Act litigation and future lawsuits and to indemnify them against claims or judgments in those lawsuits. "Commissioner Christen objected to the adoption of the various motions and stated his belief that it was a conflict of interest for Commissioners Olsen and Gilbert to vote on the motions for their own defense and indemnity."[1] Clerk's Papers (Mem. in Supp. of Recall Pet.) at 35. Commissioners Olsen and Gilbert voted on each of the motions. Each motion carried by a two-to-one majority. Immediately following the adoption of the motions, Commissioner Gilbert submitted his resignation as a port commissioner.

¶4 The citizens group that brought the prior legal action subsequently filed a petition for the recall of Commissioner Olsen. The petition alleged that Commissioner Olsen violated the Washington State code of ethics for municipal officers, RCW 42.23.030, when she and Commissioner Gilbert voted for the port to retain legal counsel and indemnify them for the citizens group lawsuit.

¶5 In response to the petition, the Mason County prosecutor prepared a ballot synopsis and filed a petition in superior court to determine the sufficiency of the charges and the synopsis. After hearing oral arguments, the trial court found the charges contained in the petition for recall were not legally sufficient for submission to the voters.

## DISCUSSION

■■ ¶6 The Washington State Constitution provides that the citizens of this state may seek the removal of a public official from his or her duly elected office before that official's term expires through a recall election. CONST. art. I, §§ 33-34; *In re Recall of Kast*, 144 Wn.2d 807, 812, 31 P.3d 677 (2001). This court reviews recall petitions using the same criteria as the superior court. *In re Recall of Shipman*,

---

[1] Counsel stipulated as to the facts recited in the memorandum in support of recall petition.

125 Wn.2d 683, 684, 886 P.2d 1127 (1995). The court's function is limited to evaluating the factual and legal sufficiency of the charges. *Kast*, 144 Wn.2d at 813.

¶7 The challenge in this case is limited to the legal sufficiency of the petition. To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance, or violation of the oath of office. *Greco v. Parsons*, 105 Wn.2d 669, 671, 717 P.2d 1368 (1986). A legally cognizable justification for an official's conduct will render a recall charge insufficient. *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 766, 10 P.3d 1034 (2000).

¶8 The terms misfeasance, malfeasance, or violation of the oath of office are defined in RCW 29A.56.110 as follows:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;

(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and

(b) Additionally, "malfeasance" in office means the commission of an unlawful act;

(2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law.

The above definitions, as well as "the rest of the recall statute, are to be construed in favor of the voter, not the elected official." *Pearsall-Stipek*, 141 Wn.2d at 765.

¶9 Petitioners seek to recall Commissioner Olsen because she voted to indemnify the commissioners against claims or judgments and to have the port retain counsel to represent the commissioners. Petitioners argue the recall petition was legally sufficient because Olsen committed an act of malfeasance in her capacity as port commissioner by voting in the matter. Olsen, on the other hand, claims the recall petition is legally insufficient because the alleged acts were authorized by statute and, therefore, not wrongful. In

support of this claim, Olsen cites RCW 53.08.208. That statute provides:

> Whenever any action, claim or proceeding is instituted against any person who is or was an officer, employee, or agent of a port district established under this title arising out of the performance or failure of performance of duties for, or employment with any such district, the commission of the district may grant a request by such person that the attorney of the district's choosing be authorized to defend said claim, suit or proceeding, and the costs of defense, attorney's fees, and any obligation for payment arising from such action may be paid from the district's funds: PROVIDED, That costs of defense and/or judgment or settlement against such person shall not be paid in any case where the court has found that such person was not acting in good faith or within the scope of his employment with or duties for the district.

RCW 53.08.208.

¶10 As Olsen notes, RCW 53.08.208 contains an express grant of authority for a port district to retain an attorney to defend against claims, suits, or proceedings against current officers and to indemnify them for legal costs. A number of other municipal corporations have similar statutes. *See* RCW 54.16.097, RCW 28A.320.100, RCW 28B.10.842. Here, pursuant to the statute, Commissioner Olsen voted to have the port retain an attorney to defend her in the existing and future lawsuits. However, the proviso prohibits the port from paying the costs of defense and/or settlement or judgment if the officer, employee, or agent was not acting in good faith or within the scope of employment. Thus, the only costs for which Olsen can be indemnified are those related to her official duties, not costs for which she would otherwise be legally obligated to pay.

¶11 Although Petitioners acknowledge Olsen's authority under RCW 53.08.208, they claim Olsen was directly and beneficially interested in the contract to hire an attorney because, absent the port's hiring such an attorney, she was faced with the prospect of hiring and paying an attorney on her own to defend the action. Petitioners concede that the "terms of RCW 53.08.208 create an obvious

exception to the limitations of RCW 42.23.030 allowing the Port Commission to vote [to] defend and indemnify its Port Commissioners." Br. of Appellant at 7. However, they argue that RCW 53.08.208 does not create an exception to the rule that a municipal officer cannot vote on a matter in which she is beneficially interested. Thus, Petitioners claim Commissioner Olsen violated that statute when she voted for her own defense and indemnification.

¶12 Petitioners' argument focuses on RCW 42.23.030, which prohibits a municipal officer from making contracts on the municipality's behalf that give the officer a beneficial interest in the contract:

> No municipal officer shall be beneficially interested, directly or indirectly, in any contract which may be made by, through or under the supervision of such officer, in whole or in part, or which may be made for the benefit of his or her office, or accept, directly or indirectly, any compensation, gratuity or reward in connection with such contract from any other person beneficially interested therein.

RCW 42.23.030. The statute lists a number of exceptions to this rule that pertain to contracts for utility services, publication of legal notices required by law, and employment contracts for school bus drivers, other school district employees, and spouses of officials. *See* RCW 42.23.030(1)--(11). The statute concludes by clarifying that:

> A municipal officer may not vote in the authorization, approval, or ratification of a contract in which he or she is beneficially interested even though one of the exemptions allowing the awarding of such a contract applies. The interest of the municipal officer must be disclosed to the governing body of the municipality and noted in the official minutes or similar records of the municipality before the formation of the contract.

RCW 42.23.030.

¶13 As the language of the statute makes clear, RCW 42.23.030 applies only to a vote to authorize a contract. The decision to indemnify does not involve a contract. Thus, Olsen's vote on indemnification is not governed by the

statute. Turning to her vote to retain counsel, we cannot see how Olsen has a beneficial interest in a contract between the port and counsel. Rather, any "benefit" to Olsen resulted from the vote to indemnify herself and Gilbert, a vote which is authorized by RCW 53.08.208 and not subject to the restrictions of RCW 42.23.030. Accordingly, there is an insufficient legal basis for this recall petition.

¶14 We affirm the trial court.

ALEXANDER, C.J, and C. JOHNSON, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.