[No. 63968-0. En Banc.]
Considered June 6, 1996. Decided June 20, 1996.
*In the Matter of the Recall of* CATHY
PEARSALL-STIPEK, *Pierce County Auditor.*

*Dale Washam,* pro se.

*Vandeberg Johnson & Gandara,* by *Joseph F. Quinn* and *Jamie L. Siegel,* for Pearsall–Stipek.

PER CURIAM. — Dale Washam appeals from a superior court order finding insufficient several recall charges against Pierce County Auditor Cathy Pearsall–Stipek. We affirm.

On February 7, 1996, Mr. Washam filed a petition to recall Ms. Pearsall–Stipek, charging her with seven acts of misfeasance, malfeasance, and violation of her oath of office. Pursuant to RCW 29.82.021, the Pierce County prosecutor prepared a ballot synopsis and petitioned the superior court to determine the sufficiency of the charges and the adequacy of the synopsis. Comparing the petition's charges with those made in another recall petition that Mr. Washam and others filed against Ms. Pearsall–Stipek in 1995, which was found to be insufficient, the court determined that the new petition's third, fifth, and sixth charges were barred by res judicata. The court found the remaining charges factually and legally insufficient for submission to the voters.

Appellant Washam first argues the recall statutes, RCW 29.82, unlawfully restrict the right of recall established by Const. art. I, §§ 33, 34 (amend. 8). We have previously rejected substantially the same arguments he makes here, holding that statutes mandating the form of recall petitions, requiring judicial review, and defining the types of acts that may result in recall, carry out the framers' intent to limit the scope of the recall right to recall for cause. *Chandler v. Otto,* 103 Wn.2d 268, 270–73, 693 P.2d

71 (1984); *see also In re Morrisette*, 110 Wn.2d 933, 936–37, 756 P.2d 1318 (1988). Appellant does not meet his burden of showing the statutes are unconstitutional. *Hontz v. State*, 105 Wn.2d 302, 306, 714 P.2d 1176 (1986).

██ ██ Appellant Washam also challenges the constitutionality of RCW 4.96.041(3), which gives local governmental entities the option to pay the expenses of local elective officers in defending recall charges. He contends this statute violates equal protection principles because it makes no provision for paying the expenses of bringing a recall action. We disagree. The distinction made by the law must have a rational relationship to a legitimate governmental purpose. *Westerman v. Cary*, 125 Wn.2d 277, 295, 885 P.2d 827, 892 P.2d 1067 (1994). One of the legitimate purposes of the recall statutes is to protect elected officials from being subjected to the financial and personal burden of recall elections based on false or frivolous charges. *Chandler v. Otto*, 103 Wn.2d at 272. The payment provision of RCW 4.96.041(3) is rationally related to that purpose.

██ Turning to the new petition's charges, Appellant Washam first argues that the trial court erred in rejecting three of the charges on res judicata grounds. He contends that res judicata may not be applied to recall proceedings. The only authority he cites on this point is *Pederson v. Moser*, 99 Wn.2d 456, 662 P.2d 866 (1983). In *Pederson*, we said only that the recall statutes do not prohibit the filing of multiple or amended recall demands. *Id.* at 461. We never suggested that res judicata cannot be invoked in a recall proceeding, and Appellant Washam offers no persuasive reason for not applying it in appropriate cases. We therefore hold that when a recall charge is found to be insufficient, the Appellant is barred from bringing a subsequent charge if a comparison of the two charges shows that all of the usual elements of res judicata are satisfied: that the charges share identity of subject matter, cause of action, persons and parties, and the quality of the persons for or against whom the claim is made. *See Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983).

In this case, charges 3, 5, and 6 are virtually identical, legally and factually, to charges that the Pierce County Superior Court found to be insufficient in the recall petition that Appellant Washam and others brought in 1995. Mr. Washam has not amended the charges in any significant way, nor has he presented any facts to support the current charges which were not presented in the previous petition or were unknown to him at that time. Under the circumstances, the superior court properly applied res judicata.

 We review the remaining charges using the same criteria as the superior court. *In re Shipman*, 125 Wn.2d 683, 684, 886 P.2d 1127 (1995). Charges must be both factually and legally sufficient. *Id.* at 684–85. To be factually sufficient, a petition must state in detail the acts complained of, and the Appellants must have knowledge of facts which support the charges. RCW 29.82.010. " 'Legal sufficiency' means the charge must state with specificity ' "substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." ' " *Shipman*, 125 Wn.2d at 685 (quoting *In re Wade*, 115 Wn.2d 544, 549, 799 P.2d 1179 (1990)). "Misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" also means "the performance of a duty in an improper manner", and "malfeasance" includes "the commission of an unlawful act." RCW 29.82.010(1)(a), (b). "Violation of the oath of office" means the "wilful neglect or failure . . . to perform faithfully a duty imposed by law." RCW 29.82.010(2). When an official is charged with violating the law, the Appellants must have knowledge of facts indicating the official intended to commit an unlawful act. *In re Wade*, 115 Wn.2d at 549.

Appellant Washam's first charge alleges that Ms. Pearsall–Stipek "willfully and intentionally" violated the law by "altering and falsifying" a document on file with the Public Disclosure Commission. A copy of the same docu-

ment is on file in the Pierce County auditor's office, and from the materials Appellant has provided, the auditor's copy appears to contain an entry not contained in the copy from the Public Disclosure Commission's file. In an affidavit, Ms. Pearsall–Stipek explained the mistake she made in sending the Commission a copy of the document without the entry contained in the auditor's copy. Appellant has no knowledge of any facts showing that Ms. Pearsall–Stipek "willfully and intentionally" violated the law by "altering or falsifying" a public document. This charge is purely conjectural and therefore provides no basis for recall. *In re Beasley*, 128 Wn.2d 419, 430, 908 P.2d 878 (1996).

In the second charge, Appellant Washam alleges that Ms. Pearsall–Stipek "intentionally" violated the law and her oath of office by directing an elections supply clerk to destroy official ballots from the 1992 presidential election before the legally permissible disposal date. Appellant also asserts that Ms. Pearsall–Stipek ordered other public documents to be destroyed without lawful authority. Again, Mr. Washam has no knowledge of any facts showing Ms. Pearsall–Stipek intentionally violated any law or willfully violated her oath of office. Mr. Washam alleges that the elections supply clerk warned Ms. Pearsall–Stipek that the records should not be destroyed, but the clerk does not say in his affidavit that he ever spoke with Ms. Pearsall–Stipek.

Charge four alleges that Ms. Pearsall–Stipek unlawfully campaigned for election before members of the public who came to the auditor's office on business. This allegation is based on the observations of auditor's office employee Ms. Sally Riccobono. Ms. Riccobono does not explain in her affidavit what Ms. Pearsall–Stipek did that constituted campaigning, however. She says only that Ms. Pearsall–Stipek met members of the public during working hours. Charge four fails to allege any basis for recall in this regard.

Appellant Washam also asserts in the fourth charge

that Ms. Pearsall–Stipek "willfully and intentionally" violated election campaign laws by selling to Ms. Riccobono and other employees "democratic political fundraiser" sweatshirts during office hours. Appellant presents no facts within his or anyone else's knowledge showing that Ms. Pearsall–Stipek "willfully and intentionally" violated any particular campaign law, nor does the charge allege substantial conduct clearly amounting to misfeasance or malfeasance. Ms. Pearsall–Stipek claims that the sweatshirt was a "Clinton–Gore" victory sweatshirt which she sold to Ms. Riccobono long after the 1992 election. Appellant Washam knows of no facts which show otherwise.

█ The final charge accuses Ms. Pearsall–Stipek of committing or allowing others to commit unlawful acts of retaliation, harassment, and racial discrimination against Ms. Riccobono. Appellant Washam bases this charge on a suit that Ms. Riccobono brought against Pierce County, Ms. Pearsall–Stipek, and employees of the auditor's office, which resulted in a judgment for damages against the County. The judgment alone does not show that Ms. Pearsall–Stipek personally committed or allowed others to commit unlawful acts of retaliation and discrimination, however. The materials Appellant has provided indicate that the jury made no specific findings regarding Ms. Pearsall–Stipek. Appellant Washam says he attended the trial and concluded that Ms. Pearsall–Stipek committed acts of harassment and retaliation. He presents none of the facts which purportedly support his conclusion, however.

Affirmed.

Reconsideration denied September 30, 1996.