961 P.2d 343 (1998)
136 Wash.2d 255
In the Matter of the Recall of Cathy "PEARSALL-STIPEK, Pierce County Auditor, Respondent. (Two Cases)
Nos. 65755-6, 65993-1.
Supreme Court of Washington, En Banc.
Argued May 26, 1998.
Decided September 3, 1998.
*345 Mark Bennett, Bonney Lake, pro se.
Joseph F. Quint, Lakewood, for respondent.
*344 DURHAM, Chief Justice.
In these two consolidated cases, Mark Bennett appeals the Superior Courts' dismissals of his recall petitions against the Pierce County Auditor, Cathy Pearsall-Stipek. Mr. Bennett's first recall petition makes the same charges based on the same facts as those brought in earlier recall petitions by another voter. The trial court dismissed these charges as barred by res judicata. We agree and affirm. Mr. Bennett's second recall petition was dismissed for insufficiency. Additionally, the trial court found that the petition was frivolous and advanced without reasonable cause and ordered Mr. Bennett to pay Ms. Pearsall-Stipek's reasonable attorney fees. We affirm the dismissal of the recall petition, but reverse the award of attorney fees.
Ms. Pearsall-Stipek was the subject of three earlier recall attempts by Dale Washam, which were dismissed as insufficient. These efforts culminated in In re Recall of Pearsallr-Stipek, 129 Wash.2d 399, 918 P.2d 493 (1996), in which this court held that Mr. Washam's successive identical recall petitions were barred by res judicata. Mr. Bennett's first recall petition levies charges identical to those contained in Mr. Washam's earlier recall petitions.[1] Because Mr. Bennett did no more than present the same charges based on the same facts as Mr. Washam's recall petitions, Judge Frederick Hayes of the Pierce County Superior Court held that all four charges were barred by res judicata. The court also reached the merits regarding three of the charges, ruling that they were insufficient to warrant submission to the voters. Mr. Bennett appealed directly to this court pursuant to RCW 29.82.160.
Mr. Bennett's second recall petition charges Ms. Pearsall-Stipek with violating the free speech rights of candidates for the Tacoma City Council. These candidates submitted candidates' statements for the local voters' pamphlet in which they accused Ms. Pearsall-Stipek of engaging in various "illegal and unethical election practices." Ms. Pearsall-Stipek informed the candidates that she would not print their statements because they were not "about the candidate himself or herself' as required by RCW 29.81A.030. Some of the candidates brought federal actions accusing Ms. Pearsall-Stipek of violating their free speech rights. Mr. Bennett then filed a recall petition based on these allegations. Upon advice of counsel, Ms. Pearsall-Stipek did print the statements in the local voters' pamphlets with a disclaimer that the statements were the subject of litigation.[2] Judge Nile Aubrey of the Pierce County Superior Court reasoned that Mr.
*346 Bennett's charges became moot once Ms. Pearsall-Stipek published the candidates' statements. The court, therefore, dismissed the recall petition as insufficient. Ms. Pearsall-Stipek moved for attorney fees under RCW 4.84.185. The court, ruling that the recall petition was frivolous and advanced without reasonable cause, ordered Mr. Bennett to pay Ms. Pearsall-Stipek's reasonable attorney fees. Mr. Bennett appealed directly to this court.

I
The first issue is whether the trial court properly held that Mr. Bennett's first recall petition is barred by res judicata. In In re Recall of Pearsall-Stipek, 129 Wash.2d 399, 918 P.2d 493 (1996), this court held that res judicata bars a successive recall petition when a comparison of the two charges shows that "the charges share identity of subject matter, cause of action, persons and parties, and the quality of the persons for or against whom the claim is made." Pearsall-Stipek, 129 Wash.2d at 402, 918 P.2d 493 (citing Rains v. State, 100 Wash.2d 660, 663, 674 P.2d 165 (1983)). In holding that a recall petition was barred by res judicata, the Pearsallr-Stipek court observed that:
In this case, charges 3, 5, and 6 are virtually identical, legally and factually, to charges that the Pierce County Superior Court found to be insufficient in the recall petition that Appellant Washam and others brought in 1995. Mr. Washam has not amended the charges in any significant way, has he presented any facts to support the current charges which were not presented in the previous petition or were unknown to him at that time. Under the circumstances, the superior court properly applied res judicata.
Pearsall-Stipek, 129 Wash.2d at 403, 918 P.2d 493.
In the present case, Mr. Bennett conceded at oral argument that he has made the same charges, based upon the same facts, as Mr. Washam made in his recall petitions. As in Pearsallr-Stipek, Mr. Bennett has not amended the charges in any significant way, nor has he presented any facts that were not presented in previous petitions. The only difference between this case and Pearsall-Stipek is in the identity of the petitioners. The question, therefore, is whether recall petitioners' interests are sufficiently similar that they should be treated as identical parties for res judicata purposes.
Mr. Bennett's only argument on this issue is the observation that he is not Dale Washam. However, nominally different parties may have sufficiently identical interests to satisfy the "identity of parties" inquiry. For example, in Snyder v. Munro, 106 Wash.2d 380, 383-84, 721 P.2d 962 (1986) the petitioners challenged the constitutionality of a statute establishing certain state legislative districts. Different named parties had challenged the same statute on the same constitutional grounds in federal court and lost. The court held that the petitioners were barred by res judicata from relitigating the constitutionality of the statute in state court. Snyder, 106 Wash.2d at 384, 721 P.2d 962. "The identity of the parties is not a mere matter of form, but is one of substance; the court will look to the legal effect of the identity of the parties even though they may be nominally different." Snyder, 106 Wash.2d at 383-84, 721 P.2d 962 (citing Rains v. State, 100 Wash.2d at 664, 674 P.2d 165). The court reasoned that the petitioners, though different persons, had the same legal interests as all citizens of the state. The court concluded, therefore, that there was sufficient identity of parties for purposes of res judicata. Snyder, 106 Wash.2d at 384, 721 P.2d 962. See also City of Tacoma v. Taxpayers of Tacoma, 357 U-S. 320, 340-41, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958) (holding final judgment against the State barred subsequent action by citizens because citizens' public rights were represented by the State in the earlier proceeding).
Likewise, we are persuaded that Mr. Bennett's interests in judicial resolution of the sufficiency of a recall petition are no different from that of any other citizen: proceeding to the signature gathering stage of the recall process. To hold otherwise would permit repeated litigation of the same charge based on the same facts by merely substituting a different named party. Mr. Bennett would have Ms. Pearsall-Stipek answer these same *347 charges anew each time another citizen were willing to put his or her name on the recall petition. This would defeat the finality and conservation of judicial resources concerns that underlie the res judicata doctrine. The trial court properly dismissed Mr. Bennett's first recall petition as barred by res judicata.[3]

II
The next issue is whether the trial court erred in dismissing Mr. Bennett's second recall petition for insufficiency.[4] We review recall petitions using the same criteria as the trial court. In re Recall of Shipman, 125 Wash.2d 683, 684, 886 P.2d 1127 (1995). We construe the recall statute in favor of the voter, not the elected official. Pederson v. Moser, 99 Wash.2d 456, 462, 662 P.2d 866 (1983).
The right to recall elected officials is guaranteed by article I, sections 33 and 34 (amend.8) of the Washington Constitution. The Legislature adopted RCW 29.82 to provide the substantive criteria and procedural framework for the recall process. See In re Recall of Call, 109 Wash.2d 954, 957, 749 P.2d 674 (1988). The Legislature amended RCW 29.82 to provide for judicial review of the sufficiency of recall petitions in order to "free public officials from the harassment of recall elections grounded on frivolous charges or mere insinuations." Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984). Consequently, recall charges must be both factually and legally sufficient before the petitioner may proceed further in the recall process. In re Recall of Sandhaus, 134 Wash.2d 662, 668, 953 P.2d 82 (1998).
To be factually sufficient, the petition must state in detail the acts complained of, and the petitioners must have knowledge of identifiable facts that support the charges. RCW 29.82.010; Sandhaus, 134 Wash.2d at 668, 953 P.2d 82 (citing In re Recall of Anderson, 131 Wash.2d 92, 95, 929 P.2d 410 (1997)). When an official is charged with violating the law, the petitioners must have knowledge of facts indicating that the official intended to commit an unlawful act. Sandhaus, 134 Wash.2d at 668, 953 P.2d 82 (citing In re Recall of Wade, 115 Wash.2d 544, 549, 799 P.2d 1179 (1990)). This requires demonstrating not only that the official intended to commit the act, but also that the official intended to act unlawfully. Sandhaus, 134 Wash.2d at 670, 953 P.2d 82 ("[Respondents present no facts within their knowledge showing Sandhaus intended to violate the law...."); see also Anderson, 131 Wash.2d at 95, 929 P.2d 410 (recall petition based on alleged violation of the Open Public Meetings Act factually insufficient absent facts indicating the officials intentionally violated the Act); In re Recall of Beasley, 128 Wash.2d 419, 426, 908 P.2d 878 (1996) (same).
To be legally sufficient, the charges must state with specificity "`substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.'" Wade, 115 Wash.2d at 549, 799 P.2d 1179 (quoting Teaford v. Howard, 104 Wash.2d 580, 584, 707 P.2d 1327 (1985)). "Misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" also includes the performance of an official duty in an "improper manner." RCW 29.82.010(1)(a). "Malfeasance" also includes the commission of an unlawful act. RCW 29.82.010(1)(b). "Violation of the oath of office" means the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82.010(2).
In his second recall petition, Mr. Bennett charged Ms. Pearsall-Stipek with violating the free speech rights of Tacoma *348 City Council candidates. This charge is factually insufficient because Mr. Bennett does not allege facts indicating that Ms. Pearsall-Stipek intended to act unlawfully. Sandhaus, 134 Washed at 670, 953 P.2d 82. Indeed, Ms. Pearsall-Stipek contends that she was required to reject the statements pursuant to RCW 29.81A.030 because they were not "about the candidate himself or herself." A legally cognizable justification for an official's conduct renders a recall charge insufficient. Wade, 115 Wash.2d at 549, 799 P.2d 1179 (citing Greco v. Parsons, 105 Wash.2d 669, 671, 717 P.2d 1368 (1986)). Additionally, RCW 29.81A.030 requires the auditor to exercise her discretion in determining whether candidates' statements meet the requirements for publication. Officials may not be recalled for their discretionary acts absent manifest abuse of discretion. Sandhaus, 134 Wash.2d at 670, 953 P.2d 82 (citing Shipman, 125 Wash.2d at 685, 886 P.2d 1127). It was well within the auditor's discretion to conclude accusations of wrongdoing about another person are not statements about the candidates themselves, even if they are couched as personal beliefs.[5]
Mr. Bennett's latest recall charge is also legally insufficient because he has not alleged any wrongdoing. Assuming arguendo that failure to print the statements would violate the candidates' free speech rights, Ms. PearsalHE>tipek266 at most only threatened to take such action. The trial court, therefore, correctly concluded that Mr. Bennett's charge became moot once Ms. Pearsall-Stipek published the candidates' statements. We hold that the trial court properly dismissed Mr. Bennett's second recall petition for insufficiency.

III
The final issue is whether the trial court erred in awarding Ms. Pearsall-Stipek her reasonable attorney fees. An award of attorney fees is left to the trial court's discretion and will not be disturbed absent a clear showing of abuse. Fluke Capital & Management Servs. Co. v. Richmond, 106 Wash.2d 614, 625, 724 P.2d 356 (1986); Clarke v. Equinox Holdings, Ltd., 56 Wash. App. 125, 132, 783 P.2d 82, review denied, 113 Wash.2d 1001, 777 P.2d 1050 (1989).
RCW 4.84.185 provides, in part:
In any civil action, the court having jurisdiction may, upon written findings by the judge that the action ... was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action....
The provisions of this section apply unless otherwise specifically provided by statute.
RCW 29.82.023 provides, in part:
[T]he superior court shall have conducted a hearing on and shall have determined, without cost to any party, (1) whether or not the acts stated in the charge satisfy the criteria for which a recall petition may be filed, and (2) the adequacy of the ballot synopsis.
(Emphasis added.)
The question presented is whether the cost prohibition in RCW 29.82.023 trumps the court's general authority to award expenses under RCW 4.84.185. Ms. Pearsall-Stipek concedes that the two statutes conflict, but suggests that the legislative intent to protect officials from frivolous recall efforts is furthered by allowing officials to recover costs for defending against recall efforts that are advanced without reasonable cause. Ms. Pearsall-Stipek does raise legitimate concerns about the burden upon elected officials in having to respond to frivolous recall efforts. Yet, the Legislature responded to this concern by enacting the provisions requiring judicial review for sufficiency. Cole v. Webster, 103 Wash.2d 280, 283, 692 P.2d 799 (1984). The very purpose of the sufficiency determination is to eliminate frivolous recall petitions. Cole, 103 Wash.2d at 283, 692 P.2d *349 799 (citing Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984)).
The Legislature could have authorized the award of expenses as a further means of protecting elected Officials from frivolous recall efforts. However, rather than authorizing such an award, the Legislature mandated that the sufficiency determination be made without cost. It is unclear whether the Legislature intended that this prohibition act as a waiver of ordinary court costs or whether the Legislature intended to insulate recall petitioners from sanctions for frivolous recall petitions. The legislative history is silent on this issue. In either case, this special dispensation indicates that the Legislature intended to broaden citizen access to the courts in the recall context. The threat of sanctions for filing a frivolous recall petition may discourage citizens from exercising their recall rights. This potential chilling effect could undermine the Legislature's intent that citizens be able to freely initiate recall efforts.
The recall statute is to be construed in favor of the voter, not the elected official. Pederson v. Moser, 99 Wash.2d 456, 462, 662 P.2d 866 (1983). Given the uncertain breadth of the cost prohibition in RCW 29.82.023, we hold that the superior court may not award expenses and attorney fees under RCW 4.84.185 against a recall petitioner who brings a merely frivolous recall petition.
This does not mean, however, that the courts are powerless to respond to intentionally frivolous recall petitions brought for the purpose of harassment. Both CR 11 and our inherent equitable powers authorize the award of attorney fees in cases of bad faith.[6] RCW 29.82.023 requires the trial court to determine the sufficiency (including frivolousness) of a recall petition without cost. However, a recall petitioner's motives plays no part of the sufficiency determination. See Janovich v. Herron, 91 Wash.2d 767, 773, 592 P.2d 1096 (1979). Therefore, an inquiry into a petitioner's motives would be outside of the context of a sufficiency determination; and, therefore, would not be limited by the cost prohibition in RCW 29.82.023. Consequently, attorney fees may be awarded against a petitioner who brings a recall petition in bad faith.
In the present case, Ms. Pearsall-Stipek moved for, and the trial court granted, attorney fees under RCW 4.84.185 only. Given the repeated and wholly meritless efforts to recall Ms. Pearsall-Stipek, Mr. Bennett's persistence suggests that he may be motivated by spite rather than by a sincere belief in the sufficiency of the recall charges. However, the trial court found only that Mr. Bennett's petition was frivolous and advanced without reasonable cause. In the absence of any findings of bad faith, we are compelled to hold that the trial court abused its discretion in awarding attorney fees. The award of attorney fees is reversed. The trial courts' decisions are otherwise affirmed. Mr. Bennett's request for attorney fees is denied.
DOLLIVER, SMITH, GUY, JOHNSON, MADSEN and TALMADGE, JJ., concur.
SANDERS, Justice, (concurring).
I agree with the majority's result on the facts, but not its conclusion that res judicata bars appellant's recall petition.
Res judicata bars a subsequent action only if that action has a concurrence of identity in four respects: "(1) subject matter; (2) cause *350 of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." Snyder v. Munro, 106 Wash.2d 380, 383, 721 P.2d 962 (1986) (citing Rains v. State, 100 Wash.2d 660, 663, 674 P.2d 165 (1983)). If any single requirement is lacking the doctrine does not apply. International Bhd of Pulp, Sulphite & Paper Mill Workers v. Delaney, 73 Wash.2d 956, 960, 442 P.2d 250 (1968), cited in Snyder, 106 Wash.2d at 383, 721 P.2d 962. As we held:
A judgment is not res judicata nor is one collaterally estopped by judgment in a later case if there is no identity or privity of parties in the same antagonistic relation as in the decided action. An estoppel must be mutual and cannot apply for or against a stranger to a judgment since a stranger's rights cannot be determined in his absence from the controversy.
Bordeaux v. Ingersoll Rand Co., 71 Wash.2d 392, 396, 429 P.2d 207 (1967) (quoting Owens v. Kuro, 56 Wash.2d 564, 567, 354 P.2d 696 (1960) (citations omitted) and citing Rufener v. Scott, 46 Wash.2d 240, 280 P.2d 253 (1955)). Here that identity of parties is lacking.
The majority relies on Snyder, 106 Wash.2d 380, 721 P.2d 962, to support its claim that strict identity of parties is not required for Bennett to be barred by res judicata. Majority at 346. I disagree. In Snyder this court held a subsequent suit brought by parties identified "as registered voters in one of the four districts at issue and as members of a `political party or group' against which the legislative redistricting act discriminates" was barred by res judicata. Snyder, 106 Wash.2d at 384, 721 P.2d 962. However, the first suit was brought by "the acknowledged heads of the major political parties in Washington state and several state officials (including Secretary of State, Lieutenant Governor, and Attorney General)," id., who were in privity with the parties in the second suit.
Observing Dale Washam previously filed three recall petitions which were later dismissed as insufficient, In re Recall of Pearsall-Stipek, 129 Wash.2d 399, 918 P.2d 493 (1996), the majority then cites Snyder for the proposition that one citizen in privity with another may be subject to the res judicata bar. While such is no doubt true in the abstract, there is no evidence which demonstrates privity here. Rather, this record reflects no connection between these two citizens beyond a similar desire that Ms. Pearsall-Stipek be recalled for the same or similar reasons. However that alone is insufficient to establish the identity, or privity, of parties as required by the doctrine. I therefore conclude res judicata does not bar Bennett's recall petition but agree his allegations are legally insufficient.
ALEXANDER, J., concurs.
NOTES
[1] First, Mr. Bennett charges that Ms. Pearsall-Stipek was not authorized to collect photo fees from persons seeking occupational licenses and that she failed to deposit the fees into the treasury the first Monday of each month as required by RCW 36.18.140, repealed by Laws of 1994, ch. 301, § 57. Mr. Washam made the same charges in his first recall petition. Second, Mr. Bennett charges that Ms. Pearsall-Stipek improperly used county time, facilities, and personnel to work on her re-election campaign. Mr. Washam made the same charges in all three of his recall petitions. Third, Mr. Bennett charges that Ms. Pearsall-Stipek failed to print the text of various measures in the local voters' pamphlet for the November 5, 1996 general election. Mr. Washam charged her with the same conduct in his third recall petition. Fourth, Mr. Bennett charges that Ms. Pearsall-Stipek failed to include the proper endorsement on envelopes containing mail ballots. Mr. Washam made the same charge in his third recall petition.
[2] According to Ms. Pearsall-Stipek, she prevailed in the federal actions.
[3] Mr. Bennett suggests that corrupt officials could attempt to insulate themselves from recall by enlisting cronies to bring deficient recall efforts. However, the potential for such abuse is checked by the equitable underpinnings of the res judicata doctrine. See Rosenberg v. Rosenberg, 141 Wash. 86, 91, 250 P. 947 (1926) (holding an action procured through fraud cannot have preclusive effect).
[4] Because we independently review the sufficiency of the charges, it is unnecessary for us to address the claim that Judge Hayes erred in denying Mr. Bennett's motion to recuse.
[5] Each of the candidates' statements began: "I believe the number one issue in the 1997 City Council elections ought to be the illegal and unethical election practices used by the person who runs City of Tacoma elections...." Br. of Pet'r, App. at 1-4. Each of the candidates then listed several "facts" relating to the Pierce County Auditor or her office.
[6] CR 11 requires that every pleading, motion, and legal memorandum be signed either by an attorney of record or by the party itself. By signing, the attorney or party certifies, among other things, that the pleading, motion, or legal memorandum "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." CR 11. If a pleading, motion, or legal memorandum is signed in violation of this rule, the court may impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred ... including a reasonable attorney fee." CR 11.

Additionally, it is within our inherent powers to award attorney fees on equitable grounds. Public Util. Dist. No. 1 v. Kottsick, 86 Wash.2d 388, 389, 545 P.2d 1 (1976). We are at liberty to set the boundaries of the exercise of that power. Weiss v. Bruno, 83 Wash.2d 911, 914, 523 P.2d 915 (1974). We have already recognized that bad faith litigation can warrant the equitable award of attorney fees. Hsu Ying Li v. Tang, 87 Wash.2d 796, 798, 557 P.2d 342 (1976); Kottsick, 86 Wash.2d at 390, 545 P.2d 1.