**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
FEBRUARY 10, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 10, 2022

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE RECALL OF: ) | No. 99804-3 |
| ) | |
| ADAM FORTNEY, ) | En Banc |
| ) | |
| SNOHOMISH COUNTY SHERIFF. ) | Filed: February 10, 2022 |
| ) | |

OWENS, J.—This case concerns a recall petition against Snohomish County

Sheriff Adam Fortney. The petitioner, Lori Shavlik, challenges the trial court's

finding that her eight recall charges are either insufficient or barred under the doctrine

of res judicata. We affirm the trial court and award Sheriff Fortney costs on appeal.

FACTS AND PROCEDURAL HISTORY

Lori Shavlik seeks to recall Snohomish County Sheriff Adam Fortney. Her

petition is the fourth to recall Sheriff Fortney since he took office on January 1, 2020.

As the fourth attempt to recall Sheriff Fortney, the charges in Shavlik's current

petition overlap with charges brought in previous recall petitions. According to

Sheriff Fortney, this overlap warrants barring some of the charges in the current

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

petition. Because we must consider the charges brought in prior recall petitions, the history of each recall attempt is discussed below.

*A.     Petition I*

Shavlik filed her first recall petition on April 23, 2020. 3 Clerk's Papers (CP) at 422-37. That petition solely concerned Sheriff Fortney's April 21, 2020, Facebook post and subsequent press conference where he stated he would not criminally enforce Governor Inslee's Stay Home Order.[1] *Id.* In that petition, Shavlik alleged those actions (a) violated the sheriff's statutory duties under RCW 36.28.010 and 36.28.011, (b) constituted wrongful conduct that affects, interrupts, or interferes with COVID-19 prevention efforts, (c) constituted performance of a duty in an improper manner, (d) constituted neglect or a knowing failure by an elective public officer to perform faithfully a duty imposed by law, (e) constituted an unlawful act insomuch as it encourages citizens to violate the governor's proclamation and other local health directives in violation of RCW 43.20.050, RCW 70.05.120, and WAC 246-100-070, (f) undermined public trust and puts others at risk, including health officials and emergency management teams, and (g) resulted in private gain to Sheriff Fortney's private business interests as a result of Sheriff Fortney's public office, in violation of RCW 42.23.070. *Id.* at 439-40.

---

[1] Proclamation by Governor Jay Inslee, No. 20-25 (Wash. Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%Healthy%20tmp%20(002)pdf [https://perma.cc/PJ48-WAEY]. *See* 4 CP at 523-27.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The superior court found charges (a), (c), and (d) sufficient and allowed Shavlik to gather signatures. *Id.* at 250-52. But Shavlik failed to file any signatures as required by RCW 29A.56.150(2). 4 CP at 642. Accordingly, recall I ended, and Sheriff Fortney remained in office.

B.    *Petition II*

Shortly after Shavlik's first petition, a separate group of voters known as "the Committee to Recall Snohomish County Sheriff Adam Fortney" (Committee) filed a recall petition against Sheriff Fortney containing five charges. 3 CP at 258-321. The superior court found four of the charges sufficient. *Id.* at 351-52. Those four charges read as follows:

> 1. Adam Fortney endangered the peace and safety of the community and violated his statutory duties under RCW 36.28.010 and/or 36.28.011 and/or oath of office by declaring that he has not and will not enforce Governor Inslee's "Stay Home – Stay Healthy" proclamation;
>
> 2. Adam Fortney endangered the peace and safety of the community and violated his statutory duties under RCW 36.28.010 and/or 36.28.011 and/or oath of office by inciting the public to violate Governor Inslee's "Stay Home – Stay Healthy" proclamation;
>
> 3. Adam Fortney endangered the peace and safety of the community, violated his statutory duties under RCW 36.28.010, and exercised discretion in a manifestly unreasonable manner by rehiring three deputy sheriffs previously discharged following investigation and findings of misconduct; and
>
> 4. Adam Fortney violated his statutory duties under RCW 36.28.011 and/or 36.28.020 and exercised discretion in a manifestly unreasonable manner by making a public statement on March 27, 2020 that absolved a deputy sheriff of asserted wrongdoing for

3

*In re Recall of Fortney*, No. 99804-3

> tackling a black woman related to a jaywalking incident without ensuring a proper investigation.

*In re Recall of Fortney*, 196 Wn.2d 766, 770, 478 P.3d 1061 (2021). On appeal, we held the second and third charges were factually sufficient but reversed the trial court on the fourth charge as legally and factually insufficient. Ultimately the Committee failed to file any signatures, ending the second recall petition. 4 CP at 642.

C.      *Petition III*

Nearly a year after filing her first petition, Shavlik filed her second petition to recall Sheriff Fortney. 3 CP at 354-78. This petition was not subject to a sufficiency hearing because the superior court dismissed the petition after Shavlik moved to withdraw it.

D.  *Petition IV*

On April 1, 2021, Shavlik filed the present recall petition containing eight charges. 1 CP at 15-33; 2 CP at 216.

The superior court held a sufficiency hearing on May 11, 2021, and dismissed petition IV. In dismissing the petition, the court found that charges 1(e) and 2 were barred by res judicata because they were previously litigated in the first and second recalls. Verbatim Report of Proceedings (VRP) at 34-36. The superior court found the remaining charges either factually or legally insufficient. *Id.* at 36-43. In response, Shavlik appealed directly to this court under RCW 29A.56.140.

*In re Recall of Fortney*, No. 99804-3

ANALYSIS

Shavlik raises three issues on appeal. First, she claims the trial court erred by finding charges 3 through 8 insufficient. Second, she claims the trial court erred by finding charges 1(e) and 2 barred under res judicata. Third, she claims the trial court and the Snohomish County Prosecutor's Office deprived her of a fair and impartial hearing. We reject all three claims of error, affirm the trial court, and award Sheriff Fortney costs on appeal.

*A.*     *All of Shavlik's Charges Are Insufficient To Sustain the Recall Petition*

Washington voters have a constitutional right to recall a nonjudicial elected official who has "committed some act or acts of malfeasance or misfeasance while in office, or who has violated his oath of office." WASH. CONST. art. I, § 33; *see also* RCW 29A.56.110. For the purposes of a recall petition:

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
>
> (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
>
> (b) Additionally, "malfeasance" in office means the commission of an unlawful act;
>
> (2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29A.56.110.

5

*In re Recall of Fortney*, No. 99804-3

But a voter's right to recall is not unlimited. Rather, "an elected official can be recalled only for cause, meaning the petition must be factually and legally sufficient." *In re Recall of Inslee*, 194 Wn.2d 563, 567, 451 P.3d 305 (2019).

A recall petition is factually sufficient if the official's alleged acts or omissions establish a prima facie case of misfeasance, malfeasance, or a violation of the oath of office. *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003). To establish a prima facie case, the petition must provide specific details, including the date, location, and nature of the allegations. *Id.; see In re Recall of Boldt*, 187 Wn.2d 542, 549, 386 P.3d 1104 (2017) ("In determining whether a petition is factually sufficient, we assume the veracity of allegations made so long as they are reasonably specific and detailed.") And the petitioner must have some knowledge of the facts underlying the charges. *Wasson*, 149 Wn.2d at 791. Such knowledge is not required to be firsthand knowledge, but we have held that "generally, media articles do not form a sufficient basis for the personal knowledge required by law." *In re Recall Charges Against Davis*, 164 Wn.2d 361, 368, 193 P.3d 98 (2008).

Meanwhile, a recall petition is legally sufficient if it "define[s] substantial conduct amounting to misfeasance, malfeasance, or a violation of the oath of office." *Id.* at 371. To establish legal sufficiency, the petitioner must identify the "standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful." *In re Recall of Ackerson*, 143 Wn.2d 366, 377, 20 P.3d 930 (2001). Under this standard, lawful discretionary acts are generally insufficient to support a recall. *Id.*

6

*In re Recall of Fortney*, No. 99804-3

But an official's discretionary act is legally sufficient if the elected official "exercised discretion in a 'manifestly unreasonable' manner." *In re Recall of Burnham*, 194 Wn.2d 68, 76, 448 P.3d 747 (2019) (quoting *Greco v. Parsons*, 105 Wn.2d 669, 672, 717 P.2d 1368 (1986)).

A superior court initially determines whether the charges are sufficient. *In re Recall of West*, 155 Wn.2d 659, 663, 121 P.3d 1190 (2005); RCW 29A.56.140. In determining sufficiency, a court does not assess the truth or falsity of a recall charge; that role is the sole province of the voters. *West*, 155 Wn.2d at 662. Rather, the court acts as a gatekeeper "to ensure that the recall process is not used to harass public officials by subjecting them to frivolous or unsubstantiated charges." *Id.*

We review a recall petition's sufficiency de novo. *Burnham*, 194 Wn.2d at 76. If a charge is factually insufficient, we do not need to analyze whether it is legally sufficient and vice versa. *In re Recall of Bolt*, 177 Wn.2d 168, 175, 298 P.3d 710 (2013).

*1. Charge 3: Private Prosecution*

In charge 3, Shavlik alleges that Sheriff Fortney retaliated against her by contracting with a private law firm to prosecute her for violating an antiharassment order. In full, the charge reads:

> 3.      On two occasions Sheriff Fortney contracted a private law firm, Zachor & Thomas, to prosecute Lori Shavlik in South District and Everett District Courts for violation of an anti-harassment order after she brought a recall petition against the Sheriff to remove him from office. Sheriff Fortney allowed Zachor & Thomas

7

access to Sheriff's Office files and provided thousands of dollars in payments for the legal services. Two of the judges met with the Prosecutor's Office for an attorney-client privileged meeting. These actions:

(a) constitute a use of public resources to influence a political action in violation of RCW 42.17A.555 and WAC 390-32-010;

(b) are retaliatory in nature;

(c) constitute the practice of law in violation of RCW 36.28.110; and

(d) constitute malfeasance, misfeasance, and violation of the Sheriff's oath of office.

2 CP at 241-42; *see* 1 CP at 20-21.

While this charge lays out the legal standards to judge Sheriff Fortney's conduct against, the alleged facts do not make out a prima facie case of malfeasance, misfeasance, or a violation of Sheriff Fortney's oath of office.

Shavlik fails to allege that Sheriff Fortney used or authorized the use of any sheriff's office facilities to assist a campaign for election or oppose any ballot proposition. Thus, there is no prima facie case to sustain charge 3(a). Similarly, Shavlik does not allege that Sheriff Fortney appeared or practiced as an attorney in any court. Thus, there is no prima facie case to sustain charge 3(c). Meanwhile, charge 3(b) is insufficient as it does not identify a standard, law, or rule that Sheriff Fortney violated.

Additionally, Shavlik fails to demonstrate she has personal knowledge that a contract between Sheriff Fortney and Zachor & Thomas exists. *See* 1 CP at 20-21.

*In re Recall of Fortney*, No. 99804-3

For instance, her claim lacks any details about when the alleged contract was formed, the parties to the contract, or its content.

The exhibits attached to the petition do not save Shavlik's claim. While she submitted a document entitled "Information Exchange Agreement," that document does not reveal a contract to prosecute Shavlik. Rather, the document describes the parameters under which the sheriff's office may "provide criminal justice information to contracted prosecutors." 1 CP at 75. Specifically, the document states the sheriff's office may share criminal history information and copies of police case reports with contracted prosecutors. *Id.* Shavlik also submitted copies of checks and invoices from Zachor & Thomas to the city of Sultan for prosecution services. 1 CP at 77-81. But these documents neither mention Sheriff Fortney nor demonstrate a private contract between him and Zachor & Thomas to prosecute Shavlik for retaliatory purposes. Thus, there is no link between Sheriff Fortney and Zachor & Thomas on the petition's face to sustain any of the charges.

### 2. *Charge 4: Dawson Place Board*

In charge 4, Shavlik alleges that Sheriff Fortney improperly serves on the board of the Dawson Place Child Advocacy Center. In full, the charge reads:

> 4. Sheriff Fortney serves on the board of Dawson Place Child Advocacy Center. As a Dawson Place board member, he participates in hiring Dawson Place employees, engages in fundraising activities, and otherwise dedicates time and attention to Dawson Place. These activities:

9

> (a) are in conflict with Sheriff Fortney's duties as elected sheriff under RCW 36.28.010;
>
> (b) fraudulently direct government money to a private agency; and
>
> (c) constitute malfeasance, misfeasance, and violation of the Sheriff's oath of office.

2 CP at 242; *see* 1 CP at 21.

Like the prior charge, this charge lays out the legal standards against which to judge the sheriff's conduct, but the facts alleged in the petition do not establish a prima facie case. Shavlik fails to establish how sitting on the Dawson Place board conflicts with Sheriff Fortney's duties. For example, she does not allege that Sheriff Fortney failed to arrest any individual, execute a warrant, keep and preserve the peace, or comply with any other duty listed in RCW 36.28.010. Thus, there is no prima facie case to sustain charge 4(a).

Similarly, Shavlik fails to allege any facts that show Sheriff Fortney raised or transferred funds to Dawson Place. Nor does she provide any details about how Sheriff Fortney allegedly spends government time and resources to support a private agency. Therefore, there is no prima facie case to sustain charge 4(b).

The petition fails to articulate what specific actions Sheriff Fortney took as a board member that constitute misfeasance, malfeasance, or a violation of his oath of office. Instead, the charge merely concludes that by serving on the Dawson Place board, Sheriff Fortney committed an act of malfeasance, misfeasance, and violated his

10

*In re Recall of Fortney*, No. 99804-3

oath of office. This allegation is not "reasonably specific and detailed" to inform voters of Sheriff Fortney's alleged misconduct. *See Boldt*, 187 Wn.2d at 549. Therefore, charge 4 is factually insufficient.

### 3. *Charge 5: Delegating Authority to Interview Child Victims*

In charge 5, Shavlik alleges Sheriff Fortney improperly delegated his authority as sheriff to conduct child forensic interviews to Dawson Place. In full, the charge reads:

> 5.      Sheriff Fortney, in conjunction with the Prosecutor's Office, has delegated his authority to conduct child forensic interviews to Dawson Place Child Advocacy Center thereby allowing a secret non-private agency to hide the actions of law enforcement from the public. This delegation of authority is not allowed under law and constitutes malfeasance, misfeasance, and violation of the Sheriffs oath of office.

2 CP at 242; *see* 1 CP at 21.

The charge is factually insufficient because it lacks reasonable specificity. Shavlik merely alleges Sheriff Fortney delegated his authority to interview child victims. *See* 1 CP at 21. But the charge lacks any detail about how, when, or to whom Sheriff Fortney delegated such authority. This vague and generic allegation falls short of our requirement that allegations be reasonably specific and detailed.

### 4. *Charge 6: Personal E-mails*

In charge 6, Shavlik alleges Sheriff Fortney inappropriately accessed and sent messages from his county e-mail account while on county time. In full, it reads:

11

6. On April 30, 2020, using his County email account and while on County time, Sheriff Fortney received and responded to an email from Deputy David Fontenot regarding a campaign to recall Sheriff Fortney from office. The email exchange solicited campaign contributions, defamed the recall campaign petitioner Lori Shavlik, and defamed the Prosecutor's Office. These email communications:

(a) are retaliatory in nature; and

(b) constitute malfeasance, misfeasance, and violation of the Sheriff's oath of office.

2 CP at 242-43; *see* 1 CP at 20.

This charge has two defects. First, Shavlik fails to identify a standard, law, or rule that makes Sheriff Fortney's act of accessing and sending e-mails unlawful. Second, the alleged facts do not amount to substantial conduct. To be legally sufficient, the petition must "define substantial conduct clearly amounting to misfeasance, malfeasance, or a violation of the oath of office." *Davis*, 164 Wn.2d at 371. Under this standard, we have found certain conduct to be insubstantial. *See Bolt*, 177 Wn.2d at 174 (conduct was insubstantial where mayor occasionally parked a town vehicle at a neighbor's house when he stopped to have coffee); *see also Burnham*, 194 Wn.2d at 81 (conduct was insubstantial when mayor used town-owned lots to park his vehicles). Sheriff Fortney's conduct is similar to the insubstantial conduct in those cases. Shavlik alleges only that Sheriff Fortney responded to one e-mail sent from Deputy David Fontenot on his county e-mail on county time. 1 CP at 20, 58. In that e-mail, Sheriff Fortney thanked Deputy Fontenot for his support. *Id.*

*In re Recall of Fortney*, No. 99804-3

at 58. Sheriff Fortney neither solicited contributions for his legal defense nor defamed Shavlik. *See id.* This single alleged e-mail response to a coworker is not substantial conduct that clearly amounts to misfeasance, malfeasance, or a violation of the oath office. Thus, charge 6 is legally insufficient.

5. *Charge 7: Organizing Rallies*

In charge 7, Shavlik alleges Sheriff Fortney organized rallies where he did not wear a mask and encouraged others to attend maskless in violation of Governor Inslee's orders. In full, the charge reads:

> 7. After being subject to recall campaigns, Sheriff Fortney organized several political rallies to protest the recall campaigns. Sheriff Fortney did not wear a mask at these rallies, which were attended by hundreds of people many of whom were also maskless. Sheriff Fortney also indicated that the rallies were organized by Sheriff's Office employees at his direction. These actions:
>
> (a) are reckless and taken in disregard of the law, including orders of the Governor;
>
> (b) encourage others to forego [sic] using a mask in violation of the Governor's orders and other laws;
>
> (c) put others at risk;
>
> (d) constitute lobbying and a use of County resources for a political campaign;
>
> (e) provided Sheriff Fortney with an unfair advantage against the recall campaigns, which were limited to signature gathering under extreme restrictions; and
>
> (f) constitute malfeasance, misfeasance, and violation of the Sheriff's oath of office.

13

2 CP at 243; *see* 1 CP at 21-23.

This charge is legally insufficient because Shavlik fails to cite any standard, law, or rule that makes Sheriff Fortney's alleged conduct wrongful, improper, or unlawful. While Shavlik claims Sheriff Fortney violated the governor's orders by appearing at a large public gathering, she does not identify any specific order. At best, charge 7(b)'s reference to "other laws" incorporates "Snohomish County Health Officer's Order No. 20-060," which Shavlik cites in her petition. 1 CP at 45-49. That order, issued March 17, 2020, prohibited public gatherings with more than 50 people in Snohomish County. *Id.* But as the trial court noted at the sufficiency hearing, Order No. 20-060 was rescinded on June 23, 2020, by Order No. 20-072. VRP at 41-42. Because all three rallies occurred after June 23, Sheriff Fortney could not have violated Order No. 20-060. And Shavlik does not cite any other state, county, or local orders that Sheriff Fortney violated. *See* 1 CP at 15; 2 CP at 216. Without a legal standard to measure Sheriff Fortney's actions against, Shavlik cannot make out a prima facie case. Accordingly, charge 7 is legally insufficient.

6. *Charge 8: Unmasked Sheriff's Office Employees*

In charge 8, Shavlik alleges that Snohomish County Sheriff's Office employees refused to wear masks inside of the Snohomish County Courthouse. In full, the charge reads:

8.    On November 24, 2020 and January 11, 2021, the Sheriff's Office Marshalls [sic] assigned to the Superior Court refused to wear masks and comply with orders of the Superior Court regarding

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

masking.  These actions constitute malfeasance, misfeasance, and violation of the Sheriff's oath of office.

2 CP at 243-44.

This charge is factually and legally insufficient.  Shavlik does not allege in her petition that Sheriff Fortney knew that any of his employees were not wearing masks, let alone that he ordered or condoned their conduct.  This missing piece is required to make out a prima facie case.  Indeed, an official cannot be recalled for a subordinate's act where the official did not direct or have knowledge of the act.  *In re Recall of Morrisette*, 110 Wn.2d 933, 936, 756 P.2d 1318 (1988).  Further, Shavlik fails to identify any standard, law, or rule that Sheriff Fortney violated even if he directed or knew of his employees appearing maskless in court.  Thus, charge 8 is insufficient.

## B.  Res Judicata Bars Charges 1 and 2

The trial court also dismissed charges 1(e) and 2 on the basis that they were barred under res judicata.  CP at 1-4.  Shavlik claims this finding was an error.  Conversely, Sheriff Fortney argues that not only does res judicata bar relitigating charges 1(e) and 2 but also charges 1(a), (b), (c), (d), (f), and (g).  We review whether res judicata applies de novo.  *Weaver v. City of Everett*, 194 Wn.2d 464, 473, 450 P.3d 177 (2019).

Res judicata bars a successive recall petition when comparing two charges shows that "the charges share identity of subject matter, cause of action, persons and parties, and the quality of the persons for or against whom the claim is made."  *In re*

15

*In re Recall of Fortney*, No. 99804-3

*Recall of Pearsall-Stipek*, 129 Wn.2d 399, 402, 918 P.2d 493 (1996) (*Pearsall-Stipek*

I). This standard is meant to incorporate "all of the usual elements of res judicata."

*Id.* (citing *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)).

Under the third element, charges may share the "identity of parties" even when

parties are not exactly identical, provided they have "sufficiently identical interests."

*In re Pearsall-Stipek*, 136 Wn.2d 255, 261, 961 P.2d 343 (1998) (*Pearsall-Stipek* II);

*accord Snyder v. Munro*, 106 Wn.2d 380, 383-84, 721 P.2d 962 (1986). Citizens

share the same interest in judicial resolution of the sufficiency of a recall petition:

"proceeding to the signature gathering stage of the recall process." *Pearsall-Stipek* II,

136 Wn.2d at 262. Thus, we will not subject an elected official to answer the same

charges each time a different citizen is willing to put their name on a recall petition.

*Id*.

Here, the last three elements of res judicata are satisfied. First, the cause of

action in recall I, recall II, and recall IV is the same: a petition to recall an elected

official. Second, the persons and parties are the exact same between recall I and recall

IV: Shavlik and Sheriff Fortney. Further, under *Pearsall-Stipek* II, Shavlik and the

Committee have sufficiently identical interests as voters to satisfy the identity of

persons element. Third, the charges share the same quality of the persons for or

against whom the claim is made: Shavlik in her role as a voter seeking to recall an

elected official and Sheriff Fortney in his role as an elected official subject to recall.

*See Fortson-Kemmerer v. Allstate Ins. Co.*, 198 Wn. App. 387, 405-06, 393 P.3d 849

16

*In re Recall of Fortney*, No. 99804-3

(2017) (quality of persons refers to the role the parties are assuming for the current litigation).

The remaining question is whether the charges share the same subject matter. To answer this question, we look to the charges as they appear in the ballot synopses and the facts alleged in the petitions. *See Pearsall-Stipek* I, 129 Wn.2d at 403 (court should look to legal and factual similarities to determine if the subject matter is identical).

Sheriff Fortney first argues that res judicata bars relitigating charges 1(b), (e), (f), and (g) because the court in recall I found those charges insufficient. He argues that these charges are the same as charges 1(b), (e), (f), and (g) in recall I. *See* 3 CP at 439-40; 5 CP at 698-99.

As they appear in the ballot synopses, charges 1(b), (e), (f), and (g) are nearly identical to those in recall I. Additionally, the facts Shavlik alleged in her petition in recall IV are nearly identical to the facts in her petition in Recall I. *See* 1 CP at 15-33; 3 CP at 422-33. Accordingly, both the ballot synopses and petition materials show the subject matter in charges 1(b), (e), (f), and (g) in the current petition is identical to the charges in recall I that were found insufficient. Therefore, charges 1(b), (e), (f), and (g) are barred under res judicata.

Next, Sheriff Fortney contends that res judicata bars charges 1(a), (c), and (d) because they were found to be sufficient in recall I. *See* 3 CP at 439-40; 5 CP at 698-99.

*In re Recall of Fortney*, No. 99804-3

As they appear in the ballot synopses, charges 1(a), (c), and (d) are identical to those in recall I. Moreover, similar facts are alleged in both petitions with respect to these charges. *See* 1 CP at 15-33; 3 CP at 422-33. Because the underlying facts and legal theories are identical to the charges the superior court found sufficient in recall I, charges 1(a), (c), and (d) are also barred under res judicata.

Shavlik counters that res judicata cannot bar charges that were previously found sufficient. In effect, she argues only insufficient charges are barred under res judicata. But nothing in our jurisprudence suggests res judicata applies only to certain outcomes like dismissed claims. Rather, res judicata applies to all claims adjudicated on the merits regardless of the outcome. This means that charges previously found sufficient are barred from being relitigated under res judicata, which includes charges (1)(a), (c), and (d) in this case.

Finally, charge 2 concerning the rehiring of Deputy Wallin is also barred under res judicata because it was previously decided in recall II. *See Fortney*, 196 Wn.2d at 778-82. Shavlik effectively concedes res judicata applies to charge 2, stating in her brief "the issue of Art Wallen [sic] has been adjudicated BOTH in Shavlik's original recall AND in the recall from other Snohomish County residence [sic]." Br. of Appellant at 9-10. Accordingly, charge 2 is barred under res judicata.

C.    *Shavlik Received a Fair and Impartial Hearing*

Shavlik argues she was denied a fair and impartial hearing on three bases. First, she claims the Snohomish County prosecuting attorney created a conflict of

18

*In re Recall of Fortney*, No. 99804-3

interest by filing the ballot synopsis and representing Sheriff Fortney. Second, she

claims she was prejudiced by the prosecutor's alleged late filing of her petition and

the exclusion of materials from the record. Third, Shavlik claims that all Snohomish

County judges are biased against her.

    1. *The Snohomish County Prosecuting Attorney Did Not Create a Conflict of Interest*

Shavlik claims the Snohomish County prosecuting attorney's office created a

conflict of interest when deputy prosecutor Rebecca Guadamud submitted a ballot

synopsis of Shavlik's recall charges while another deputy prosecutor, Lyndsey

Downs, defended Sheriff Fortney against the recall charges. We reject this claim.

By statute, a county prosecuting attorney has two roles in a recall case. The

first is ministerial: the prosecuting attorney "shall formulate a ballot synopsis of the

charge of not more than two hundred words." RCW 29A.56.130(1). After

formulating the ballot synopsis, the prosecuting attorney must "certify and transmit

the charges and the ballot synopsis" to superior court and "petition the superior court

to approve the synopsis and to determine the sufficiency of the charges." RCW

29A.56.130(2).

The prosecuting attorney's second role is representative: to defend the elected

official who is the subject of the recall petition. The county prosecuting attorney has a

broad duty to advise county officers and represent the county in all criminal and civil

proceedings when the county is a party. RCW 36.27.020(2)-(4). The attorney

19

*In re Recall of Fortney*, No. 99804-3

general's office has interpreted this provision to mean that "the prosecuting attorney must defend all county officers when sued in the capacity as such county officers." 1953 Op. Att'y Gen. No. 467, at 2. And in the context of this case, "the county may in a proper case provide legal services for the sheriff and his deputies when they are sued as the result of an official act." 1964 Op. Att'y Gen. No. 124, at 4. The logic of these attorney general opinions[2] extends to recall petitions. Therefore, the prosecuting attorney may defend the county sheriff when the sheriff is subject to a recall petition for his official acts.

Shavlik suggests these roles are at odds with each other. On the other hand, Sheriff Fortney contends the prosecuting attorney's dual roles do not inherently create a conflict of interest. He analogizes the prosecutor's roles to the dual roles of the attorney general we considered in *Washington Medical Disciplinary Board v. Johnston*, 99 Wn.2d 466, 663 P.2d 457 (1983). In that case, we held a physician was not denied a fair and impartial hearing when the same assistant attorney general served as the state medical disciplinary board's legal advisor and prosecutor in disciplinary proceedings. *Id.* at 480-81. While we found no actual prejudice on those facts, we noted that "[w]hen the performance of any legal duties required of the Attorney General presents actual conflicts of interest, a different assistant attorney general can, and should, be assigned to handle those inconsistent functions." *Id.* at

---

[2] Attorney general opinions are generally entitled to great weight. *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 308, 268 P.3d 892 (2011).

*In re Recall of Fortney*, No. 99804-3

480. This principle applies in full force to the county prosecutor's dual roles in recall proceedings. As long as an effective screening mechanism exists in a public office, it is acceptable for different attorneys within the same public office to represent different clients with potentially conflicting interests. *See State v. Stenger*, 111 Wn.2d 516, 522, 760 P.2d 357 (1988) (entire prosecuting attorney's office is not disqualified from a case where one prosecutor is properly screened).

Under this standard, no conflict was created because separate prosecutors handled the potentially inconsistent functions. Ms. Guadamud drafted and submitted the ballot synopsis while Ms. Downs represented Sheriff Fortney at the sufficiency hearing. Ms. Guadamud did not present any argument regarding the sufficiency of the charges or otherwise advocate for Sheriff Fortney. *See* VRP at 24-25. And Shavlik does not cite anything else in the record to suggest a conflict of interest exists. Accordingly, the Snohomish County prosecuting attorney's office did not create a conflict of interest that deprived Shavlik of a fair and impartial hearing.

2. *Shavlik Was Not Prejudiced by Any Late Filing*

Shavlik next claims that Ms. Downs intentionally and in bad faith delayed entering Shavlik's petition into the record to be considered at the sufficiency hearing. Br. of Appellant at 12-13. Further, she argues there were "missing documents relating to the 'pennies for Puppies' private group that Adam Fortney was operating during county time using county resources." *Id.* at 13. Neither argument is persuasive in light of the record.

21

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Recall of Fortney*, No. 99804-3

It appears that Ms. Guadamud, not Ms. Downs, filed county auditor Garth Fell's declaration on April 14, 2021, without Shavlik's petition attached as an exhibit. VRP at 29; Resp. Br. of Snohomish County Prosecuting Att'y at 6. To remedy this error, Ms. Guadamud filed an amended declaration with Shavlik's petition attached as an exhibit on April 26, 2021. VRP at 29. Then, because the initial hearing judge was disqualified and a medical continuance was granted, the sufficiency hearing did not occur until May 11, 2021. This gave Shavlik more than two weeks to review the materials submitted by Ms. Guadumud before appearing at the sufficiency hearing. Despite having this ample time to review the record, she did not raise the issue of any missing materials before the hearing. At the hearing, Shavlik referenced the "Pennies for Puppies" business, *Id.* at 10-11, but she failed then, as she does now, to submit any evidence of additional materials in her petition that the prosecutor's office excluded from the record. Therefore, we reject Shavlik's claim that she was prejudiced by an incomplete, "late" filing.

3. *Any Judicial Bias Was Cured by Judge Cliff's Appointment*

Shavlik also claims that several Snohomish County judges are biased against her and that this alleged bias deprived her of a fair and impartial hearing. She claims Judge Appel, Judge Ellis, Judge Bui, and Judge Fair have connections to Dawson Place, which is the subject matter of one of her charges against Sheriff Fortney. Br. of Appellant at 13-16. Even if we take these allegations as true, they do not support the conclusion that Shavlik was deprived of a fair and impartial hearing. If any judicial

22

*In re Recall of Fortney*, No. 99804-3

bias existed, it was cured when all Snohomish County judges recused themselves from hearing Shavlik's recall petition and the case was reassigned to Island County Superior Court Judge Carolyn Cliff.  1 CP at 8.

*D.    Award of RAP 14.2 Costs*

Finally, Sheriff Fortney requests costs under RAP 14.2 as the substantially prevailing party on review.  Because Shavlik's allegations are legally and factually insufficient to sustain recall charges, Sheriff Fortney is the substantially prevailing party.  As such, he is entitled to costs under RAP 14.2.  Accordingly, we award Sheriff Fortney costs on appeal, to be determined by the commissioner or clerk in accordance with RAP 14.6.

CONCLUSION

Shavlik's recall charges are either insufficient to proceed to voters or barred under res judicata.  Further, Shavlik was not deprived of a fair and impartial hearing because there was no conflict of interest or judicial bias.  We affirm the superior court's dismissal of the recall petition and award Sheriff Fortney costs on appeal.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In re Recall of Fortney*, No. 99804-3

_____
Owens, J.

WE CONCUR:

_____
González, C.J.

_____
Johnson, J.

_____
Madsen, J.

_____
Stephens, J.

_____
Gordon McCloud, J.

_____
Yu, J.

_____
Montoya-Lewis, J.

_____
Whitener, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.